## SHERWOOD *against* WALLER.

To constitute an *ouster*, by the entry and possession of another person, within the statute against selling pretended titles, an actual exclusive possession, as owner, is sufficient.

Therefore, where a school district, in 1817, took possession of a parcel of land, and built a school-house thereon, and occupied it for school purposes until 1845, when, it being destroyed by fire, the district contracted with *B* for the purchase of the land, received a deed thereof from him, and built a new school-house on the site of the old one, which they ever afterwards occupied exclusively, claiming the right to do so under their deed of purchase; and in 1847, while the district were thus in possession, *B* conveyed the same land to *C*; it was held, that *B*, at the time of this last conveyance, was " ousted," within the statute.

Where the agent of the district, in such case, after receiving from *B* the deed of 1845, kept it, and, contrary to *B's* expectations, neglected to pay the stipulated purchase money; it was held, 1. that such conduct of the district by their agent, did not render their holding any the less an " ouster" of *B*, within the statute; 2. that the subsequent deed from *B* to *C* was not merely a convey-

ance of any lien *B* might have for the purchase money unpaid, but an " alienation" within the statute.

Where it appeared that such deed from *B* to the district, was in the common form of a conveyance of the fee of the land, but it was expressed to be " for the purpose of erecting a school-house or school-houses for school purposes, and for these purposes only ;" it was held, that this deed was a conveyance of the land, and not of some possibility or peculiar interest in reversion.

*Qu.* whether in an action *qui tam* against *B*, to recover the penalty of the statute for alienating the land while ousted of possession, the plaintiff could give in evidence a declaration by *B*, that he had sold the land and got his pay for it, and not some supposed interest in the land ?

THIS was an action *qui tam* on the statute prohibiting the sale of lands of which the grantor is ousted of possession. The parcel of land, for the sale of which the action was brought, was one situated in the *eleventh school district in the first school society of New-Milford*, containing about 18 rods of ground, with a small house standing thereon, in which a school was kept. The conveyance complained of was alleged to have been made, by the defendant, to *Morris B. Barlow*, on the 20th of *May* 1847, the defendant being ousted and held out of the possession thereof, by the entry and possession of said school district.

The cause was tried, on the general issue, at *Litchfield*, *August* term, 1849.

On the trial, the plaintiff gave in evidence a quit-claim deed from the defendant to *M. B. Barlow*, dated *May* 20th 1847, purporting to convey to him absolutely, all the grantor's interest and estate in the piece of land described in the declaration. That this deed was duly executed, delivered and recorded, was admitted. The plaintiff then introduced evidence to show, that said school district, in 1817, erected a school-house on part of said land, which, in 1845, was destroyed by fire ; that in *May* of that year, said district voted to build a new school-house, and for the purpose of procuring a site for it, entered into an agreement with the defendant for the purchase of the land described in the plaintiff's deed to *M. B. Barlow ;* that in pursuance of such agreement, the defendant, by a deed dated *November* 17th, 1845, for the consideration of 50 dollars, conveyed said land to said district, " for the purpose of erecting a school-house, or school-houses for school purposes, and for those purposes only ;" that under this deed, which was duly recorded, said district

entered into possession of said land, and caused a new school-house to be erected thereon, which was completed in the fall of that year; and that said district has ever since possessed and occupied said school-house and land as their property, causing all their schools, both in winter and summer, to be kept in said school-house.

The plaintiff, for the purpose of showing that the defendant had intentionally conveyed said land and school-house to *Barlow*, and not any supposed interest which he might have therein, introduced a witness, by whom he claimed to have proved, that the defendant, after his deed to *Barlow*, said, he had sold said land to *Barlow*, and had got his pay therefor. To the admission of this evidence the defendant objected; but the court admitted it.

The defendant, for the purpose of showing that the district had acquired no title to any part of said land, by possession, offered testimony by which he claimed to have proved, that when the old school-house was placed upon said land, his father, who then owned it, gave the district permission to occupy it so long as the school-house should stand; that when it was burned down, the interest of the district in the land was extinguished; and that the defendant, who had purchased of his father's heirs this land, with the lands adjoining, entered into possession thereof, and enclosed it, by a fence. For the purpose of showing, that the district acquired no title from the defendant, by virtue of their deed from him, he claimed to have proved, that after he had executed that deed, and before the new school-house was erected, one *Mallory*, who was employed to build it, called upon him, to procure a delivery of the deed; that the defendant accordingly went to the land, and handed the deed to the plaintiff, for his examination; that the plaintiff, having examined it, told the defendant, it was satisfactory, and immediately put it in his pocket; that the defendant thereupon immediately demanded of the plaintiff the price agreed upon for the payment of the land, or a return of the deed; that the plaintiff offered to give the defendant a district note for the price, which the defendant refused to take, saying that the plaintiff had no authority to give any such note, and again demanded either the money or a return of the deed; that the plaintiff, notwithstanding, kept the deed, and the purchase price has never been paid; that

the defendant then forbade the erection of the house, but it was, nevertheless, erected and completed.

It was admitted, that the defendant, during these transactions, was a member of said district; and there was no evidence that he ever made any other objection to the possession of said land by the district, than that above stated.

The defendant thereupon claimed,

1. That if said district entered into and held possession, under and by virtue of said deed to them, they acquired but a conditional estate in said land, which might be forfeited to the defendant, upon their using said land for other than school purposes; and consequently, that the defendant had such an interest, either legal or equitable, in said land, after the delivery of said deed, that he could legally convey the same, in the manner specified in his deed to *Barlow.*

2. That as the district had never paid the stipulated price for said land, he had a lien upon said land therefor, and could legally convey the same, in the manner specified in his deed to *Barlow.*

3. That as his deed to the district had never been legally delivered, the retention of it by the plaintiff, in the manner stated by the witnesses as aforesaid, was a fraud upon his rights; and that neither said deed, nor any possession, taken under and by virtue of the same, would preclude him from conveying said land to any other person, in the same manner as if no such possession had been taken; and he prayed the court so to instruct the jury.

The court did not so instruct the jury, but did instruct them,

1. That the defendant's deed to said district did not, upon its face, show such an interest in the defendant, as that, after a delivery of his deed to them, he could convey said land to *Barlow*, in the manner specified in the deed to the latter.

2. That although the defendant might have a lien upon the land conveyed to said district, by his deed, for the purchase price, which he could, by a proper instrument, assign to *Barlow;* yet his deed to *Barlow* did not purport to convey any such lien, or any debt whatever against said district.

3. That to entitle the plaintiff to recover in this suit, it was not necessary for him to prove, that said district had acquired a valid title to said land, by deed, or in any other manner; that it was sufficient for him to prove, that, at the time of the

execution and delivery of the deed to *Barlow*, the defendant was ousted of the possession of said land, by the entry and possession of said district; and that, if they found that the defendant had been so ousted, they might find for the plaintiff, although they should be of opinion that the deed to said district had never been legally delivered, but had been illegally retained by the plaintiff, in the manner claimed by the defendant.

4. That if the jury should find, that at the time of the execution and delivery of the deed to *Barlow*, the defendant was ousted of the possession of said land and school-house, by the entry and possession of the same, by said district, claiming to hold the same adversely to the defendant, and as their own property; and the defendant having knowledge of such ouster, had intentionally conveyed said land and school-house to *Barlow*, in the manner mentioned in said deed, and not any supposed interest or lien which he might have in the same; the plaintiff would be entitled to recover; otherwise, they might find a verdict for the defendant.

The jury returned a verdict in favour of the plaintiff; and thereupon the defendant moved for a new trial. The questions arising on such motion were reserved for the advice of this court.

*J. H. Hubbard,* (with whom was *Russell,*) in support of the motion, contended, 1. That to constitute the offence prohibited by the statute, it is not sufficient that the purchaser and seller were out of possession, but there must have been an actual disseisin, by the entry and possession of some other person, under a *bona fide* claim of right. The possession of a mere intruder—a tort-feasor—is not a disseisin, and is not in law an adverse possession. A deed fraudulently obtained, is not available as the foundation of an adverse possession, so as to avoid a subsequent conveyance by the lawful owner. *Livingston* v. *Peru Iron Company,* 9 *Wend.* 511. *Jackson* d. *Gillet* v. *Hill,* 5 *Wend.* 532. A person entering even under a *bona fide* contract to purchase, is not in a position to hold adversely, until he has performed the condition necessary to entitle him to a deed. *Ibid. Jackson* d. *Young* & al. v. *Camp,* 1 *Cowen,* 605. *Jackson* d. *Ten Eyck* & al. v. *Frost,* 5 *Cowen,* 346. *Jackson* d. *Hendricks* v. *Andrews* & al. 7

*Wend.* 152. *Brandt* d. *Walton* v. *Ogden,* 1 *Johns. R.* 156. The possession in this case being obtained by fraud, is not in law adverse; and the instruction given by the court to the jury, that it would make no difference whether the deed and the possession were obtained by fraud or not, was therefore erroneous.

2. That a school district cannot purchase or hold lands, except for school purposes; consequently, they took but a contingent or qualified estate; and the defendant, under whom they claim, had an interest in the premises consistent with their estate, which he might well convey, by a quit-claim deed.

3. That the defendant had a *lien* on the land for the purchase price unpaid; and if he had any interest in the land, either equitable or legal, he might convey that interest, without incurring the penalty of the statute.

4. That an honest attempt, by the releasor, to convey some interest which he supposed he had in the premises, even if he was mistaken, was not the *criminal act*, which the statute intended to interdict. To convict a man of a crime, he must be brought within the intention, as well as the letter, of the statute.

*Seymour* and *Sanford,* contra, after remarking, that under the charge the jury have found, that the defendant was ousted of possession; that he knew it; and that he intentionally conveyed the land and school-house, and not any supposed interest which he might have therein; contended, 1. That the declaration or admission of the defendant, offered by the plaintiff, was properly admitted. In the first place, the defendant's admission of any fact which the plaintiff is bound to prove, is always admissible. Secondly, the fact that the defendant had sold the *land,* and not merely some interest in it, or lien on it, was a matter in issue, in this case; and the defendant's admission, that he had sold the *land,* and got his pay for it, was therefore admissible.

2. That the charge was right, on all the points.

In the first place, the clause in the deed to the district, that the conveyance was "for school purposes only," had no effect whatever. School districts can never hold land for any other than "school purposes." *Stat.* 304. § 41. In regard to all

corporations, there is a possibility of a *reverter*, by breach of implied conditions, or by the dissolution of the corporation ; yet before forfeiture and until dissolution, they hold the fee. 1 *Sw. Dig.* 77. 2 *Bla. Com.* 109. The benefit of a condition is not assignable. *Co. Litt.* 214. *a. b.* 1 *Sw. Dig.* 93. 4 *Kent's Com.* 118. Nor any other *contingent* interest or possibility. *Smith* & ux. v. *Pendell,* 19 *Conn. R.* 111. The deed to *Barlow* was an apt instrument for the conveyance of the *entire title.* *Sherwood* v. *Barlow,* 19 *Conn. R.* 471. 476. Besides, the jury have found, that by this deed, the defendant intended to convey the entire land, and not a supposed inter-est in or lien upon it.

Secondly, a lien upon land is a sort of mortgage created by operation of law. It has no existence aside from the debt, and cannot be transferred without the debt. *Jackson* d. *Norton* & al. v. *Willard,* 4 *Johns. R.* 41. 43. *Huntington* v. *Smith,* 4 *Conn. R.* 235. *Runyan* v. *Mersereau,* 11 *Johns. R.* 534.

Thirdly, under the charge and upon the conflicting claims of the parties as to the title and possession of the district, the jury might have found, and probably did find, the title in the district, without reference to their title under the defendant's deed. The district, by their thirty years' possession, had a *prima facie* title. *La Frombois* v. *Jackson* d. *Smith* & al. in err. 8 *Cowen,* 589. 595. *Livingston* v. *Peru Iron Company,* 9 *Wend.* 511. 520. The district might lawfully and safely strengthen their possessory title, by getting the deed from the defendant.

Fourthly, the question of delivery was immaterial, without reference to the former possession of the district. Whatever *Sherwood,* the agent, did, the *district* acted in good faith, and did all that good faith required ; and no notice of the defendant's claim of fraud was ever given to them.

Fifthly, the district *ousted* the defendant. The actual, exclusive occupant, claiming the entire title, and acknowledging no subsisting superior title, holds *adversely* against all the world; and of course, by his entry and possession, ousts every one else. *Bryan* v. *Atwater,* 5 *Day,* 181. 189. *Emerson* v. *Goodwin,* 9 *Conn. R.* 421. 429. *Livingston* v. *Peru Iron Company,* 9 *Wend.* 517. Where there is an actual occupancy—a *pedis possessio*—under a claim of ownership, the

possession is, at least to the extent of such occupancy, *adverse*. *Livingston* v. *Peru Iron Company*, ubi supra. *Kennebeck Purchase* v. *Springer*, 4 *Mass. R.* 416. Here, the district was in the actual occupation of the whole. But if not, the holding of the district under the deed, though retained by *Sherwood*, as the defendant claimed, was an *adverse* holding.

ELLSWORTH, J. In this case, we discover no error for which a new trial should be granted.

The facts stated in the declaration are found to be true; so that we assume, that the defendant conveyed the premises in question to *Morris B. Barlow*, while neither he nor *Barlow* was in possession, but there was an adverse holding, with his knowledge.

We do not stop to enquire as to the defendant's admission after giving his deed, that he sold the *land* to *Barlow*, and not some supposed *interest* in the land ; for this objection has not been much pressed upon the court.

The error, if any there be, is in the charge of the judge to the jury.

The plaintiff claimed to have proved the ouster of the defendant, and possession by the eleventh school district, before and on the 20th of *May* 1847, at which time the defendant deeded the premises to *Barlow*. Much evidence was introduced to establish this fact. The plaintiff offered to prove, that as early as 1817, the school district took possession of the land, built a school-house upon it, and ever thereafter occupied, until 1845, when the building was destroyed by fire ; and that soon after, in the same year, the district contracted with the defendant for a purchase of the lot, and then received a deed, which was duly recorded ; that they built a new school-house upon the site of the old one, which they have ever since exclusively occupied. These facts are not denied by the defendant ; but he claims, that when the first school-house was burnt, he took possession himself of the land, and enclosed it with his adjoining land, and forbade the district erecting a new school-house. He however admits, the district did not regard his prohibition, but proceeded, at once, to erect and finish a new house, and to occupy the same for a district school ; and he denies that this possession constituted an

ouster, because he says, he had proved to the jury, that when he delivered his said deed to the district, he expected to be paid the consideration money, which he then demanded, and he refused to take the note of the district which was offered him in payment ; for he questioned the authority of the agent to bind the district. The money not being paid, he demanded a return of the deed. The district refused to give it up, went immediately into possession, completed their school-house, and have used it as already stated.

The defendant now claims, that the aforesaid facts, if true, prove, that the title and possession of the district were fraudulent and inoperative, and that the possession of the district under their deed of 1845, however adverse or exclusive in *fact*, could not be held to be so in *law*, against the defendant, and was, therefore, no ouster or disseisin.

To this claim of the defendant we cannot give our assent. Whatever may be said as to the title of the district, clear it is, their possession, (and we have to do only with that,) is not necessarily any the less a disseisin, because the title is in dispute. The district possessed the premises, as *owners ;* they had a *real* possession, under a claim of right, as distinguished from a possession under a pretence or trick. Such a possession, if continued for fifteen years, would make a perfect title in the occupant, as was held by this court, in *French* v. *Pierce,* 8 *Conn. R.* 439. The error into which the counsel for the defence have fallen, is, not properly distinguishing between a *title*, and an *actual bona fide possession.*

We do not say, that even a specific claim of right was necessary. An actual, exclusive possession, *as owner,* is enough to constitute a disseisin ; for such holding is not under any person, but is independent of all persons whatever. However, in this case, there was a claim of right, by the district, under their deed of purchase ; and probably they would controvert the defendant's lien, or at all events, that they obtained possession, by any unfair practice. The facts show they were in possession by themselves, and had been, some thirty years.

Another claim of the defendant, is, that under the deed of the defendant to the district, they had only a conditional estate, which might be forfeited, by the district's putting the land to any other use than for a school-house ; and that this pos-

sibility remaining in the defendant, might be conveyed to *Barlow*, and that this was the interest intended to be conveyed, by the deed of the 20th of *May* 1847.

We do not decide whether the defendant had, or had not, any interest in the premises after his deed to the district, which he could convey to *Barlow*. We only say, that the deed in question does not purport to convey any such interest. The deed is in common form, as a primary conveyance of the fee of the land, and not of some possibility or peculiar interest in reversion. The deed is *prima facie* a conveyance of the *land ;* and the defendant introduced no evidence to qualify the natural import of the deed.

The same may be said of the claim that the deed to *Barlow*, was a conveyance only of the defendant's lien for the purchase money. No debt was assigned to *Barlow*. Nothing is said in the deed itself, nor proved *aliunde*, about the conveyance of a *lien* for money.

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.