SOLOMON MEAD *vs.* JOHN FITZPATRICK, ADMINISTRA-
TOR, ET AL.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

Under General Statutes, § 2966, a deed given by an ousted grantor con-
veys no title, nor does it invest the grantee with such an interest
in the land as entitles him to bring a suit to have the question of
the validity of a mortgage thereon determined.

Argued January 21st—decided March 5th, 1902.

ACTION to quiet and settle the title to certain real estate,
brought to the Superior Court in New Haven County and
tried to the court, *George W. Wheeler, J.;* facts found and
judgment rendered confirming title in the plaintiff, subject
to a mortgage for $500 given in 1871 and held by certain of
the defendants, and appeal by the plaintiff for alleged errors
of the court in sustaining the validity of said mortgage.    *No
error.*

The complaint alleges that the plaintiff is the owner in
fee of certain land, that the defendants each claim some in-
terest therein adverse to him, and asks, by way of judgment,
that the court shall determine the rights of the parties to
the land.

The trial court has found against most of the defendants,
but it has also found in favor of some of them that the land
is subject to a mortgage held by them, and it is of this that
the plaintiff complains upon this appeal.

The material facts found are these: In April, 1872, Kel-
lam, the then owner of the land, to secure his promissory
note for $500 to Noyes, mortgaged the land to Noyes.   That
note reads as follows :

" $500.        NEW HAVEN, CONNECTICUT, December 1, 1871.

" On or before ten years after date, for value received, I
promise to pay to the order of Benjamin Noyes five hundred

dollars, with interest payable semi-annually ; provided, however, that if any of the payments of interest shall remain in arrear and unpaid for the space of ninety days after the same shall fall due as aforesaid, the principal of this note shall immediately thereafter, at the option of the holder thereof, become due and payable on demand."

In April, 1875, Noyes conveyed this note and mortgage to Goodrich, without recourse, and in June, 1885, Goodrich conveyed them to Fitzpatrick, who died possessed of them in 1894. No interest has been paid upon the note since December 1st, 1875, the date of the last payment of interest. None of the holders of said note have ever exercised the option given to them therein for default in the payment of interest.

Fitzpatrick's estate is still in settlement, though the debts have been paid and distribution had. This note and mortgage were not inventoried as part of his estate. His administrator and his three children, who are Fitzpatrick's sole heirs-at-law, are defendants in the case.

The equity of redemption in the land so mortgaged to Noyes, by mesne conveyances through Kellam and others, became the property of Newcomb in 1893, who in October, 1897, quitclaimed it to the plaintiff. At the time the land was mortgaged to Noyes, in 1872, it was vacant, unoccupied, aud was not used for any purpose, and it so remained, until about the middle of November, 1896, when the administrator of Fitzpatrick, in behalf of the estate of the latter, and as guardian of Fitzpatrick's heirs-at-law, entered upon and took possession of said land, within fifteen years after the note secured by the mortgage held by him became due, and has occupied said land ever since.

Immediately after so entering he caused a substantial wire fence to be built around said land, and leased it by written lease for two years to one Connor, who has ever since occupied the same as tenant. "So far as appears in evidence the mortgagor and mortgagee, and their successors, never actually took possession of said premises," except as above

stated. "The plaintiff lived opposite the premises, and has for years, and about January, 1897, forbade the placing of a derrick upon said premises by one Buddington, acting by permission of said Connor."

No action has ever been brought to foreclose said mortgage, nor for the possession of said land by any one.

*James Gardner Clark* and *Richard H. Tyner*, for the appellant (plaintiff).

*Talcott H. Russell* and *Frank S. Bishop*, for the appellees (John Fitzpatrick, Admr., et al., defendants).

TORRANCE, C. J. The trial court has found, without objection, that most of the somewhat numerous defendants have no rights in the land in question adverse to the plaintiff, or otherwise, and the contest here relates solely to the question whether the land is subject to the Fitzpatrick mortgage.

The plaintiff, in his complaint, alleged that he had "title in fee simple, without incumbrance," to the land. This the owners of the mortgage denied.

If the plaintiff has any substantial interest in the land, he is entitled to have determined the question whether the land is subject to the mortgage, but if he has no such interest, he is not so entitled. *Purdy* v. *Ridgefield*, 74 Conn. 74.

Thus, one of the important questions in the case is whether the plaintiff acquired any interest in the land by his deed of conveyance from Newcomb. That deed was made in October, 1897. At the time it was made, and for nearly a year before, Newcomb, upon the facts found, was ousted of possession. The land was then, and for some time had been, in the adverse possession and occupancy of the owners of the Fitzpatrick mortgage; and neither Newcomb, nor his predecessors in title since Kellam, had ever been in the actual possession of the land. The owners of the mortgage were, at the time the deed under which the plaintiff claims title was delivered, in the actual and exclusive possession of the land as owners, holding Newcomb, the plaintiff, and all other per-

sons out. This constitutes an ouster. *Sherwood* v. *Waller*, 20 Conn. 262; *Merwin* v. *Morris*, 71 id. 555. Under our statute (General Statutes, § 2966) the deed, under which alone the plaintiff claims any right in the premises, was void, and he acquired thereby no right or title to the land in question here.

This being so, the plaintiff was not entitled to have determined, in this action, the question whether the land was or was not subject to the Fitzpatrick mortgage. The trial court, however, held that he was entitled, under his deed from Newcomb, to an interest in the land, and thus the judgment below was more favorable to him than the facts would seem to warrant; but of this neither the plaintiff nor any of the defendants complain here.

The trial court also held that the plaintiff's right in the land was subject to the Fitzpatrick mortgage, and of this alone he complains. Upon the facts found we think the court did not err in so holding. There is no error for which the judgment below should be disturbed.

In this opinion the other judges concurred.