SIGMOND LENGYEL ET AL. *vs.* ALBINA PEREGRIN.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

An ouster by a person other than the grantee is not sufficient to render void a deed of real estate, under § 5098 of the General Statutes, unless the entry and possession are of such a character that, if continued for the statutory period, they would ripen into a title by adverse possession.

The trial court's conclusion upon the issue of ouster is one of fact and is not reviewable upon appeal unless it is legally or logically inconsistent with the subordinate facts.

One who purchases real estate with notice, actual or constructive, of the equitable rights or claims of third parties, or of facts sufficient to put a prudent person upon inquiry which, if prosecuted with reasonable diligence, would certainly lead to a discovery of their existence, will be regarded by a court of equity as standing in the place of the grantor and as purchasing subject to them.

If real estate be attached on mesne process in an action which affects its title, the plaintiff is relieved, by the provisions of § 5898 of the General Statutes, of the necessity of filing a notice of *lis pendens,* since an intending purchaser is put upon notice as to the nature and object of the action as disclosed by the copy of the process and complaint which must be filed in the town clerk's office in order to perfect the attachment; and, even though the attachment is subsequently dissolved by the substitution of a bond and a certificate to that effect is recorded, the purchaser is still charged with notice as to the possible effect of the action upon the title, for the certificate necessarily imports that the action is, or may be, still pending.

A third person is estopped to assert a claim against a purchaser of real estate if, during conversations occurring prior to its pur-

Lengyel v. Peregrin.

chase and upon that very subject, he makes no mention of his claim and, in fact, indicates his acquiescence in the proposed transfer of title.

Argued January 22d—decided March 4th, 1926.

ACTION in the nature of ejectment to recover the possession of certain real estate, and damages for the use and occupation thereof, brought to the Superior Court in New Haven County and tried to the court, *Wolfe, J.;* judgment for the plaintiffs, and appeal by the defendant. *No error.*

This action is brought by the plaintiffs to recover possession of the first-floor apartment in a three tenement house and for rents and profits. The plaintiffs are husband and wife. The defendant is the wife of Peter Peregrin, who, on April 22d, 1913, acquired title by deed to a lot in Wallingford and a three-family dwelling thereon. Thereafter, until September 17th, 1924, Peregrin and his wife occupied the first-floor apartment as their home, but for the last few years Peter Peregrin occupied one of the rooms and his wife the remainder. During all that time Peter Peregrin collected the rents for the second and third floor tenements and paid all the carrying charges on the property.

On July 3d, 1924, Peter Peregrin agreed in writing to sell the property to the plaintiffs, and on September 17th, 1924, executed and delivered to them a warranty deed. Peter Peregrin moved from the premises on September 18th, 1924, but the defendant refused to vacate the first-floor apartment, and continued to occupy it. The plaintiffs, since the date of the deed to them, have, without interference from the defendant, collected the rents from the second and third floors and have paid all the carrying charges.

On May 12th, 1923, the defendant brought an action

against her husband, Peter Peregrin, claiming $4,000 damages or a judgment vesting title in her to an undivided one half of the land and building in question. The real estate was attached and a copy of the writ and complaint was filed in the office of the town clerk of Wallingford. On September 16th, 1924, the Superior Court ordered a release of the attachment upon substitution of a bond, and a certificate thereof was recorded in the town clerk's office on the same day.

Prior to July 3d, 1924, one of the plaintiffs, Sigmond Lengyel, visited the premises and advised the defendant of his intention to purchase, and she exhibited to him part of the first-floor apartment. Later, and before the date of the deed, he again talked with the defendant concerning the contemplated sale of the premises by Peter Peregrin to the plaintiffs, and the defendant requested permission to remove a chicken coop which she claimed as her personal property. The defendant did not make any claim to the plaintiffs that Peter Peregrin had no right to sell the property to them, until after they had paid to him the agreed purchase price and received the deed.

*Cornelius J. Danaher*, for the appellant (defendant).

*Samuel A. Persky*, for the appellees (plaintiffs).

HINMAN, J. The claims of the appellant which are pursued on her brief and in argument are, in substance, that the grantor, Peter Peregrin, was so ousted of possession that his deed to the plaintiffs is void, and that, by reason of the state of the land records relating to the attachment of the real estate, the plaintiffs had constructive notice of and took title subject to the claim of the defendant as made in the complaint in her action against her husband.

In order to render a deed void under § 5098 of the General Statutes, the grantor must have been ousted by an entry and possession under a claim of right; the possession must be an actual, exclusive possession as owner, holding the record owner and all other persons out,—such a possession as, if continued for fifteen years, would make a perfect title by adverse possession. *Sherwood* v. *Waller,* 20 Conn. 262; *Merwin* v. *Morris,* 71 Conn. 555, 42 Atl. 855; *Mead* v. *Fitzpatrick,* 74 Conn. 521, 51 Atl. 515; *Skinner* v. *Hale,* 76 Conn. 223, 56 Atl. 524; *Searles* v. *DeLadson,* 81 Conn. 133, 70 Atl. 589. Therefore ouster, as well as adverse possession, is a question of fact, and the conclusion of the trial court, necessarily involved in its determination of this issue, that the defendant's possession was not such as to constitute ouster of the plaintiffs' grantor, is not reviewable by this court unless it appears, as is not the case here, that the subordinate facts found are legally or logically inconsistent with or are insufficient to support that conclusion. *Twining* v. *Goodwin,* 83 Conn. 500, 77 Atl. 953; *Standard Co.* v. *Young,* 90 Conn. 133, 96 Atl. 932.

The second question is whether the plaintiffs purchased the property with such notice of the claimed rights of the defendant that they are properly to be held to have taken subject thereto. If one purchases land with notice of an equitable right or claim of a third person affecting the subject-matter of the purchase, or if the purchaser had notice, actual or constructive, of facts which are sufficient to put a prudent man upon inquiry which, if prosecuted with reasonable diligence, would certainly lead to discovery of a conflicting claim, equity regards him as standing, as to such third person, in the place of the grantor and as purchasing subject to such charge or claim. 2 Pomeroy's Equity Jurisprudence (3d Ed.) §§ 591, 597; *New*

Lengyel *v.* Peregrin.

*York, N. H. & H. R. Co.* v. *Russell,* 83 Conn. 581, 78 Atl. 324; *Blatchley* v. *Osborn,* 33 Conn. 226; *Bush* v. *Golden,* 17 Conn. 594.

Since it is presumed that no person will purchase land without examining the condition of the record as to the title thereto, all persons are charged with constructive notice as to what the record discloses. *Hunt* v. *Mansfield,* 31 Conn. 488. At any time after about May 12th, 1923, until September 16th, 1924, recourse to the land records would have disclosed the attachment in the action of the defendant against her husband, and reference to the copy of the process and accompanying complaint, filed in the town clerk's office as an essential to the completion of the attachment, would have afforded information as to the nature and object of the proceeding. Actions in which attachment is made on mesne process are excepted from the provisions of § 5898 of the General Statutes, concerning the recording of *lis pendens,* for the apparent reason that the record of an attachment is regarded as having the same effect, in cases in which it is made, as the notice required by this statute to be filed and recorded in all other cases in order to bind a subsequent purchaser.

The appellees maintain, however, that even if the record of an existing attachment would have been sufficient to subject the plaintiffs to notice of the claim made by the defendant, exposure to those consequences terminated with the release of the attachment, on the day before the plaintiffs received their deed. The court's certificate of dissolution of the attachment upon substitution of the bond necessarily imported, however, that although the real estate was freed from the attachment lien the action in which the attachment was made continued to be pending, and the situation was such as to put a prudent person upon inquiry as

to the nature of the action and its potential effect upon the property about to be purchased. *Norton* v. *Birge,* 35 Conn. 250.

But the appellees contend, further, and in this we think they are correct, that even if they be charged with constructive notice of the claim made by the defendant, yet the defendant is estopped from asserting this claim against these plaintiffs by reason of her conduct on the occasions when she was interviewed by Sigmond Lengyel as an avowed intending purchaser of the property. The interviews, their obvious purpose, and the circumstances attending them, were such as to render it incumbent upon the defendant to inform this plaintiff of her claimed interest in the property. Instead, her silence as to her claim and her conduct signifying, as it did, acquiescence in the proposed purchase from her husband, were such as to lead the plaintiffs to believe Peter Peregrin to be the sole equitable as well as legal owner, at least so far as concerned any claim on the defendant's part. Estoppel arises when a person, by that which he does or says or abstains from doing or saying, causes or permits another person to believe a thing to be true and to act upon such belief otherwise than but for that belief he would have acted. *C. & C. Electric Motor Co.* v. *D. Frisbie & Co.,* 66 Conn. 67, 33 Atl. 604. Every person, acting intelligently, will be presumed to intend the necessary or probable and ordinary consequences of his acts. *Holmes, Booth & Haydens* v. *Holmes, Booth & Atwood Mfg. Co.,* 37 Conn. 278.

The defendant is seeking to retain possession of the premises to the exclusion of the plaintiffs pending a determination, uncertain as to time and as to result, of her alleged claim, and to subject the plaintiffs to that claimed right if and when it is established. To permit this would involve a contradiction of her acts

and of her failure to speak when it was her duty to do so, and would amount, in effect, to a fraud upon those who have been misled thereby. The situation presents all of the essential elements of estoppel *in pais*. *Goldberg* v. *Parker,* 87 Conn. 99, 87 Atl. 555; *Canfield* v. *Gregory,* 66 Conn. 9, 33 Atl. 536; *Taylor* v. *Ely,* 25 Conn. 250.

There is no error.

In this opinion the other judges concurred.