FRANK DIOTAUTIO *v.* STEPHEN PUSKAS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued December 3, 1947—decided February 11, 1948

*Anthony A. E. DeLucia,* for the appellant (plaintiff).

*Louis Boyarsky,* for the appellees (defendants Puskas).

*Albert Miller,* for the appellee (defendant Clark).

DICKENSON, J. The plaintiff in this action sought a declaratory judgment establishing his rights as

a lessee in real estate transferred by the defendant Mary Puskas to the defendant Clark, an injunction restraining the defendants from interfering with such rights, and damages. He appeals from a judgment for the defendants. As we said in *Stueck* v. *Murphy Co.,* 107 Conn. 656, 660, 142 A. 301, the judgment is not appropriate to an action seeking a declaratory judgment. No attack has been made on it in this respect, however, and we decide the case on the theory on which it is presented to us. Conn. App. Proc. § 22.

The finding of facts is not attacked, and the facts necessary for consideration of the issues decisive of the case may be summarized as follows: The defendant Mary Puskas was the owner of real estate at 136 Farren Avenue, New Haven. Her husband, Stephen Puskas, discussed the leasing of it with the plaintiff in April, 1944. In the following month the plaintiff gave the defendants Puskas two copies of an unsigned document purporting to be a lease of the property to the plaintiff by Stephen as "landlord." Stephen Puskas signed the documents and returned them to the plaintiff, who retained both of them in his possession. One of them now bears the additional signature of the plaintiff but is not witnessed or acknowledged. The trial court found that the defendant Mary Puskas was present at the execution of the document, that the plaintiff had possession of the premises under it and that it was "a formal lease signed under seal," and held that it was binding upon the defendants Puskas. While the defendants dispute this in their brief, they have taken no appeal or bill of exceptions and we treat it as an established fact. *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 465, 190 A. 616; Conn. App. Proc. § 143.

The lease is for the term of two years from February 1, 1944, with rent payable monthly on the first day of each month. It contains a provision that the lessee "shall have the right to renew this lease for the period of an additional two years immediate subsequent to February 1st, 1946 for the period of two years upon the same terms and conditions as provided in this lease," and a further provision for a termination of the lease on nonpayment of the rent. The plaintiff continued in possession during and after the two-year term of the lease and made no request for a renewal of it; nor was a new lease executed. The plaintiff failed to pay rent for May and June, 1946, and on June 11, 1946, the defendant Stephen Puskas demanded it of him. The plaintiff said he had no money but would send it to Puskas, whereupon Puskas answered that he was not coming any more and was going to sell the property.

On May 2, 1946, Mary Puskas and the defendant Clark entered into a written agreement whereby she agreed to sell the property free and clear of all incumbrances, and she further specified that there were no leases outstanding on it. Clark had the title searched and received a certificate that the property was free from all incumbrances. On June 12, 1946, he received and recorded a warranty deed of the property. The plaintiff had not before that time deposited his lease for record but did so later the same day. Clark had lived near the property for many years, had been shown it at various times and was familiar with it. He knew of the plaintiff's possession. He did not confer with the plaintiff and was not advised by him of a claim that he had a lease. The trial court found that Clark was a bona fide purchaser without notice and acted as a reasonably prudent man would do. As this conclusion,

if justified, is determinative of the issues properly before us, we base our decision upon it.

The trial court, as appears by its memorandum of decision, predicated this conclusion on our interpretation of General Statutes, § 5018, in *Andretta* v. *Fox New England Theatres, Inc.,* 113 Conn. 476, 155 A. 848, a case which the plaintiff claims supports a contrary conclusion. Section 5018 provides: "No lease of any building, land or tenement, for life or for any term exceeding one year or which provides for the renewal thereof . . . shall be effectual against any person other than the lessor and his heirs, unless it shall be in writing, executed, attested, acknowledged and recorded in the same manner as a deed of land." In the *Andretta* case the owner executed a lease of a theater building in which reference was made to a separate agreement as to the amount of the rent. The lease was recorded but the agreement was not. The plaintiff bought the property knowing that there was a separate agreement as to the amount of the rent but not knowing its actual terms, and knowing that there had been an assignment of rents to a trust company. He bought the property on advice that the failure to record the rental agreement might render the lease invalid as to him and with the intention of ejecting the lessee as soon as he procured the deed. He brought an action to do so. From a judgment against him he appealed to this court. We affirmed the judgment of the trial court, stating (p. 479) that one who purchases land with actual notice of unrecorded documents affecting title to it buys subject to any rights created by them in others and that the purchaser has such notice if he knows "facts which are sufficient to put a prudent man upon inquiry which, if prosecuted with reasonable diligence, would cer-

tainly lead to discovery of a conflicting claim" (quoting from *Lengyel* v. *Peregrin,* 104 Conn. 285, 288, 132 A. 459). See *Myers* v. *Burke,* 120 Conn. 69, 75, 179 A. 88; *New York, N. H. & H. R. Co.* v. *Russell,* 83 Conn. 581, 593, 78 A. 324. In *New York, N. H. & H. R. Co.* v. *Russell,* there was actual notice of physical objects on the land, poles and wires, indicating an alien interest in the property; in the *Andretta* case there was reference to another contract affecting the lease. In the instant case, there was possession by a tenant of the owner.

By the weight of authority, "A purchaser of an estate in the possession of a tenant is bound to inquire by what right and under what agreement the tenant holds it." Note, 13 L. R. A. (N. S.) 97. In the case before us, Clark did not inquire of the plaintiff as to the character of his interest in the property, but he had the assurance of the owner that there were no outstanding leases on the property, and that of the title searcher that there were none of record. The occupancy of the plaintiff was consistent with a month-to-month lease. The plaintiff prepared the copies of the lease under which he bases his action; he retained both copies after securing the signature of Puskas and, so far as the record discloses, failed to notify Puskas that he had himself signed it. He gave Puskas no notice of an intention to renew the lease and recorded it after the property had been sold. He has made no claim of ignorance or mistake as cause for his failure to have the lease acknowledged and recorded. There is nothing in the record to show that Clark had other than an honest purpose in purchasing the property.

We cannot say that upon these facts the trial court was in error in concluding that the defendant Clark was a bona fide purchaser without notice, had used

reasonable care to ascertain the existence of incumbrances on the property and had received title clear of incumbrances.

There is no error.

In this opinion the other judges concurred.