BEATRICE C. HACKERT v. CHARLES S. EDWARDS

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 91545

Memorandum filed August 24, 1961

*Ralph H. Clark* and *Roger J. Frechette,* both of New Haven, for the plaintiff.

*Kilpatrick, Kahl & Josephson,* of Branford, for the defendant.

DEVLIN, J. In this action, the plaintiff seeks to enjoin the defendant from constructing a building on premises known as Shampashuh Park on Money Island in the town of Branford, and a further order for the removal of the partially erected structures.

The plaintiff is the owner of lot 19 on Pequot Avenue on Money Island by virtue of two deeds from

Ethel M. Smith dated September 30, 1943, and January 16, 1947. The first recorded conveyance of this lot is by deed of C. A. Dickerman to James D. Dewell, dated July 28, 1870, and recorded February 8, 1871, in the Branford land records. After giving a description of the boundaries, the deed contains the following provision: "Together with the right to use, in common with others, of the wells and Public Grounds as marked on the map. For a more particular description see Lot #19 Pequot Avenue on a map of 43 Valuable Building Lots on Money Island. Said map is on file in the Town Clerk's office in the Town of Branford, State of Connecticut." The map has several sections designated as public grounds and also one area marked Shampashuh Park. This piece of land is approximately one acre in area and during certain periods of the tide is an island separated and apart from Money Island. At other periods of the tide it is connected to the latter island by a sand bar as shown on the map. This and all subsequent conveyances of lot 19 make no reference to, or grant any rights to, the property described as Shampashuh Park, and all conveyances refer specifically to the map or to prior conveyances containing such a reference.

The defendant claims to be the owner of the property by virtue of a quitclaim deed from Mildred H. Clark dated July 8, 1959, in which the property is described as a piece or parcel of land "shown as Shampashuh Park on a Map of 43 Valuable Building Lots on Money Island on file in the Branford Town Clerk's office, said premises lying to the southwest of Money Island by a sand bar as shown on said Map."

The plaintiff claims the filing of the map in the town clerk's office constituted a representation that the area designated as Shampashuh Park would always be kept open to property owners for park

purposes; that the filing of the map constituted a dedication of the property for park purposes; that an easement was created which runs with the property; that since the filing, it has been used at all times as a park; and that the defendant and his predecessors in title are estopped from disputing the representations contained therein and the dedication.

The law is well settled that where an owner of land causes a map to be made of it upon which are delineated separate lots and the streets and highways by which access may be had to them, and then sells the lots, referring in his conveyances to the map, the lot owners acquire the right to have the streets and highways thereafter kept open for use in connection with their lands. *Whitton* v. *Clark,* 112 Conn. 28, 32. The sole limitation upon that right is that the street or highway must be of benefit to the lot owner. *Lake Garda Co.* v. *D'Arche,* 135 Conn. 449, 454. The same principle applies to a park or other open area delineated on such map or plat. *Pierce* v. *Roberts,* 57 Conn. 31, 37; note, 7 A.L.R.2d 607, 650. The defendant claims that the basis of such right is dedication, and evidence must be presented to show that it was in fact the owner of the land in question who caused the map to be made and that it was he himself who filed the map in accordance with the statute. See General Statutes § 7-31; *Peterson* v. *Ramcke,* 140 Conn. 202, 208. There is authority, however, that it is not essential that the plat should have been made or recorded by the owner of the land. As between the grantor and grantee, it is sufficient if he recognizes and approves a plat made by another. By making sales with reference to it, he adopts and makes the plat his own. *Manziel* v. *Railroad Commission,* 197 S.W.2d 490, 493 (Tex. Civ. App.); 26 C.J.S. 443.

The defendant acquired the property in question from Mildred H. Clark, who was the granddaughter of Chauncey A. Dickerman. He acquired title to all of the property known as Money Island by deed dated July 1, 1864. Exhibit A was identified by the defendant's grantor as the original map of Money Island and Shampashuh Park, which came down to her from her grandfather. There was no evidence that this was placed on file in the town clerk's office, but there is a tracing, exhibit C, which was recorded on October 25, 1907, by C. L. Upham. This was some twenty-seven years after the death of Chauncey A. Dickerman, and there is no evidence of any agency relationship with the recording party. It is, however, a map which has been on file for more than fifty years, is designated as a "Map of 43 Valuable Building Lots on Money Island," and is an exact copy of the original map of Chauncey A. Dickerman.

During his lifetime, Chauncey A. Dickerman sold all but twelve of the forty-three lots on Money Island and in twenty-five separate deeds conveying title thereto made reference to the "map of 43 Valuable Building Lots on Money Island" on file in the Branford town clerk's office. In all, he specifically conveyed to the grantees the right to use, in common with others, the wells and public grounds as marked on said map. At the time he acquired the property, there was no statute like § 7-31 in effect, it being first enacted in 1867. The statute, however, was declaratory of the common law, for in *Derby* v. *Alling,* 40 Conn. 410, 432, the court, in construing a deed which antedated the statute some seventeen years, held that where a plan is referred to in a deed, not only the courses and distances but all other particulars upon the plan are to be regarded as if they were expressly recited in the deed.

There is authority that where land is sold with reference to a map or plat showing a park, the pur-

chaser acquires an easement that such area shall be used in the manner designated. The easement thus created is an independent private right and is not rendered nugatory by the fact that the map is not properly made or recorded for purposes of dedication. 28 C.J.S. 702, 708. The right acquired by a conveyance based upon such a map is a private right and is entirely independent of whether any such right exists in the public. *Merino* v. *Fish, Inc.,* 112 Conn. 557, 561. It is considered in the nature of a private easement appurtenant to the land sold, and separate and apart from public rights growing out of a dedication. *Pierce* v. *Roberts,* 57 Conn. 31, 37. Some courts have protected it on the theory that such private right was created by implied grant, implied covenant or estoppel. Note, 7 A.L.R.2d 607, 654.

Here, the designation of Shampashuh Park on the map cannot be eliminated from the deeds, and the grantors are estopped from using the land in question in a manner inconsistent with such a designation. There was no evidence of an express intent to dedicate, but the acts and conduct of an owner of land may be such that the law will imply from them an intent to devote it to a public use. An implied dedication, which arises by operation of law from the conduct of the owner of property, rests upon the broad common-law principle of equitable estoppel. *Kent* v. *Pratt,* 73 Conn. 573, 578; *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 271. It proceeds upon the principle "that the owner, after having permitted the public to use his land for the purpose for which it is claimed to have been dedicated, under such circumstances that the public accommodation and private rights, supposed to be acquired in consequence of such permission, might be injuriously affected, by an interruption of such enjoyment, is held to be precluded from denying

that the public have acquired a right to such use in whatever manner, on the ground that such denial would be, on his part, a violation of good faith." *Noyes* v. *Ward,* 19 Conn. 250, 267.

Whether or not there has been a dedication or an easement created must be determined from the facts. Prior to the conveyance of Shampashuh Park to the defendant in this case, there is no record of any conveyance specifically describing or conveying the property. It does appear, however, that on February 4, 1880, the Probate Court for the district of New Haven issued a certificate of distribution from the estate of C. A. Dickerman to his children and sole heirs, R. Charles Dickerman and Helen A. Dickerman, of an undivided one-half interest each, in and to twelve lots, being Nos. 1, 5, 6, 7, 8, 11, 14, 16 and 17 on Prospect Avenue and Nos. 7, 9 and 11 on Montowese Avenue, on a "Map of 43 Valuable Building Lots on Money Island" on file in the Branford town clerk's office. On December 6, 1887, R. Charles Dickerman conveyed to Helen A. Clark (formerly Helen A. Dickerman) all his right, title and interest in and to a piece of land known as Money Island, with all its appurtenances. On April 1, 1930, said Helen A. Clark conveyed to her daughters, Mabel Grace Clark and Mildred H. Clark, all land owned by her situated on Money Island. On July 10, 1934, said Mabel Grace Clark died a resident of New Haven, and the inventory of her estate contains a description of an undivided one-half interest in and to lot No. 1 on a "Map of 43 Valuable Building Lots on Money Island," on file in the Branford town clerk's office, said real estate being the only property on Money Island contained in the inventory. On October 25, 1934, said Mildred H. Clark, individually and as administratrix of the estate of Mabel G. Clark, executed under oath a list of taxable property in the town of Bran-

ford, which list contained only "Lot 1 on Map of 43 Valuable Building Lots on Money Island on file in the Town Clerk's office, Branford, Connecticut."

Prior to 1954, the property described as Shampashuh Park never appeared on the list of taxable property in the town of Branford of any members of the family of Chauncey A. Dickerman, and no taxes on the property were ever assessed by the town of Branford. In 1955, however, the property was placed on the tax list and taxed to the Money Island Association. The association challenged the propriety of this assessment and did not pay the levied tax. It was then removed from the tax rolls of the Money Island Association. In 1959, the town of Branford placed the property on the tax rolls of the defendant, and he has since paid the assessed taxes.

There was evidence that the land had been used for picnics, fishing and general park purposes since 1900 by summer residents on the island; that no one ever prevented them from such use; and that the use was the same as in the sections marked public grounds on the map.

A review of the foregoing facts supports a finding of both the creation of an easement and a dedication. Regardless of whether the matter is considered on the basis of the creation of an easement or a dedication, the equities favor the position of the plaintiff. At the time of purchase, the presence of the park was a factor to be taken into consideration; the park has been used as such by other residents for over fifty years; the grantor of the defendant knew from legal advice and a title search she had secured that there was a serious doubt as to her right to convey; and the defendant was equally cognizant of the situation not only from

the land records but also from the legal opinion rendered to his grantor.

A grantor who has executed a deed is estopped from disputing not only the deed itself but every fact which it recites. He is bound by the recitals therein. *Billings* v. *McKenzie,* 87 Conn. 617, 620. One who purchases land with notice of the equitable rights of third persons will be regarded by a court of equity as standing in the shoes of his grantor and as purchasing the land subject to such equitable charge. He takes subject to any equities of which he had actual or implied notice. *New York, N.H. & H. R. Co.* v. *Russell,* 83 Conn. 581, 594. He has such notice if he knows facts which are sufficient to put a prudent man upon inquiry which, if prosecuted with reasonable diligence, would certainly lead to discovery of a conflicting claim. *Diotautio* v. *Puskas,* 134 Conn. 349, 352.

The issues on both counts are found in favor of the plaintiff, and she is entitled to both a permanent and mandatory injunction. Counsel will prepare the necessary papers for approval by the court.