[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 17, 1996
STATEMENT OF THE CASE
This is a foreclosure action instituted by the plaintiff, Farhad Moasser, in December 1992, to foreclose judgment liens against the defendant, James Becker. The complaint: alleges that the mortgaged property is owned by James Becker and Judith Becker CT Page 5457 as joint tenants with rights of survivorship. The complaint further alleges that Judith Becker's ownership interest in the property is superior to plaintiff's lien interest because the joint tenancy was created prior to the filing of plaintiff's judgment liens. Judith Becker was neither named as a defendant in the complaint, nor served with a copy of the complaint.
As part of the foreclosure action, plaintiff contested the validity of various encumbrances that were filed on the land records prior to the filing of plaintiff's judgment liens. One of these mortgages was held by Connecticut National Bank (now known as either Shawmut Bank or Fleet Bank). This mortgage secured a note executed by James Becker and Judith Becker. After a trial, an attorney trial referee found Connecticut National Bank's mortgage invalid based on this bank's default for failure to appear and evidence indicating that the mortgage was executed prior to the execution of the note. See Report of Attorney Trial Referee. p. 2 no. 1 (July 7, 1995).
Pending before the Court is Judith Becker's Motion to Intervene as a party defendant claiming that she is a necessary party to these proceedings. As presented in her motion as initially filed, she argued that the adjudication of the validity of Connecticut National Bank's mortgage as to James Becker affected her obligations and liability as a co-mortgagor. She insisted that plaintiff's failure to make her a party is a jurisdictional deficiency entitling her to intervene and to seek dismissal of the action. Plaintiff has objected to this motion arguing that since plaintiff's action seeks to foreclose only James Becker's one-half interest in the property, Judith Becker is not required to be made a defendant. Plaintiff also contends that the motion, dated July 26, 1995, has been filed too late in an action instituted in 1992 and after trial proceedings have been completed.
DISCUSSION
The movant, Judith Becker argues that she has an interest in this action that requires her to be a party in order for the Court to have jurisdiction. On the other hand, plaintiff contends that defendant has no interest sufficient to require her to be made a party to the case. More specifically, plaintiff contends that since his judgment lien is only against one co-owner, the other co-owner need not be made a party to the foreclosure action and would only be a proper party to a partition action instituted CT Page 5458 after title has vested pursuant to the foreclosure judgment. Although plaintiff has not cited, and the Court has not located, any case law supporting this position, the procedure advanced by plaintiff is supported by one leading authority. See ConnecticutForeclosures, 2nd. Ed. 4.03A.
Plaintiff's position appears to have some conceptual validity because theoretically, plaintiff's action should not affect Judith Becker since plaintiff's claims are only against James Becker's interest in the property. However, this argument, which may have theoretical merit, nevertheless has very practical deficiencies.
The movant has a significant and legitimate interest about whom her co-tenant is because this person will have the legal right to possess the property and to seek the property's partition. Although this may not be the situation in this particular case, an innocent cotenant's interest in the foreclosure action is particularly evident when the value to the property far exceeds the value of the liens being foreclosed. In such a case, the innocent co-tenant may want to redeem the property to preclude the holder of a small debt from acquiring a co-tenancy interest in expensive property. Consequently, although the foreclosure action is not actually foreclosing the movant's one-half interest in the property, it will affect the ownership rights which may be asserted regarding the entire parcel. A co-tenant may want an opportunity to redeem in order to protect the rights of ownership and partition.
Additionally, plaintiff has sought to have declared invalid a mortgage on which Ms. Becker is a co-obligor. Ms. Becker has argued that the invalidity of this debt would preclude the holder of the mortgage from having any part of its debt satisfied through this foreclosure action. This result will either increase the amount the mortgage holder may assert against Ms. Becker's property share, or make her personally liable for the full amount of an unsecured debt which she may have wanted paid through a foreclosure sale. In summary, while some question may remain about whether the foreclosure statutes require her to be made a party in this first instance, the court agrees with the movant that she has sufficient interest in the property and these proceedings to support a motion to intervene.
However, the Court disagrees with Ms. Becker that her interest as a co-tenant of the property is such that her absence CT Page 5459 impugns the Court's subject matter jurisdiction so that her right to intervene is required as a matter of right, as compared to being governed by the discretion of the Court. Ms. Becker bases her jurisdictional argument on the reasoning that plaintiff's motion contesting the validity of the liens on the property was essentially seeking to quiet title, and therefore, was governed by General Statutes § 47-31. This statute authorizes a person having an interest in property to file suit to resolve disputes and to determine the validity of any conflicting interests in the property. Section 47-31 (b) only requires a plaintiff to "name the person or persons who may claim the adverse estate or interest." As co-obligor on the contested mortgage, the Court rejects her jurisdictional argument. The holder of this mortgage, not the mortgagors, would claim the "adverse estate or interest" against plaintiff's interest in an action to invalidate this mortgage. Thus, the holder of the mortgage, not the mortgagors, would be required to be named in a complaint under § 47-31b. The cases broadly stating that a court is without subject matter jurisdiction in a quiet title action if all persons having interests in the property are not made parties are either distinguishable or do not concern § 47-31. See Graham v.Zimmerman, 181 Conn. 367, 435 A.2d 996 (1980) (regarding necessary parties before a default judgment can be entered);Stewart v. U.S., 242 F.2d 49 (5th Cir. 1957) (in which U.S. an indispensable party did not consent to suit). A person who is not a party to an action may not be bound by its judgment, but this consequence does not necessarily implicate a deficiency in the court's ability to render a judgment binding on the parties before it. See e.g., Denner v. Searle, 149 Conn. 126, 130,176 A.2d 561 (1961).
Thus Ms. Becker's motion to intervene is within the discretion of the Court and is governed by Horton v. Meskill,187 Conn. 187, 193-194, 445 A.2d 579 (1982), which requires the motion to intervene to be timely filed. After the court reached this conclusion, the case was scheduled for reargument on this timeliness issue. At this reargument, Ms. Becker's counsel, forthe first time, indicated that Connecticut National Bank's mortgage had been assigned to her in some way. The parties were granted leave to file supplemental memoranda addressing the timeliness issue, as well as the impact of any such assignment on any other issues raised by Ms. Becker's motion.
In her supplemental memorandum, Ms. Becker fails to address the substance of the timeliness issue. Rather, she now argues CT Page 5460 that plaintiff failed to file a lis pendens on the land records giving notice of the foreclosure action, and therefore, the timeliness of her motion to intervene is a "moot" issue. She does indicate in her motion that the mortgages held by Connecticut National Bank were transferred in August 1994 to a "Jeanne Altschul, Trustee," years after this action was instituted and after the default had entered against Connecticut National Bank. Ms. Becker does not indicate what relationship, if any, she may have with this trustee. Ms. Becker further states that in March 1994, the defendant, James Becker, transferred his interest in the property to her, making her the sole owner of the parcel. Again, this transfer took place years after the institution of this suit and the entry of default against Mr. Becker.
In response, plaintiff does not affirmatively contest Ms. Becker's claim that he failed to file a lis pendens, but re-emphasizes that she should not be allowed to intervene at this time and to relitigate issues which have already been decided. After examining these varying and twisting issues, the Court concludes that Ms. Becker's Motion to Intervene should be granted, but that she should be precluded from relitigating any matters which are the law of the case.
The thrust of Ms. Becker's present argument is that since she and the trustee are not parties to the action, and no lis pendens has been filed, "they will not be bound by any judgment" and any judgment obtained by plaintiff will have "no practical effect." This argument is obviously based on the assignments Ms. Becker and the trustee received, and to this extent, her argument is wrong.
Connecticut statute does not require a foreclosing plaintiff to file a lis pendens; such a filing is optional and the plaintiff is only required to name the encumbrances existing when the lawsuit is instituted. See C.G.S § 52-325 (a); Practice Book § 186. If a lis pendens is filed, any person who later acquires an interest in the property is charged with constructive notice of the foreclosure action and will be bound by its judgment. C.G.S § 52-325. However, it does not necessarily follow that if no lis pendens is filed, persons acquiring later interests in the property through assignments can never be bound by a foreclosure judgment, even though adding them as parties may nevertheless be a prudent practice. In the case at bar, Ms. Becker and the Trustee are not technically "omitted" persons because their assignors were named parties to this lawsuit. They CT Page 5461 can be required to stand in the place of their assignors and be charged with constructive (if not actual) knowledge of this lawsuit.
 If one purchases land with notice of an equitable right or claim of a third person affecting the subject-matter of the purchase, or if the purchaser had notice, actual or constructive, of facts which are sufficient to put a prudent man upon inquiry which, if prosecuted with reasonable diligence, would certainly lead to discovery of a conflicting claim, equity regards him as standing, as to such third person, in the place of the grantor and as purchasing subject to such charge or claim.
Lengyel v. Peregrin, 104 Conn. 285, 288, 132 A. 459 (1926).
Thus, Ms. Becker's assignee status does not require her to be party to this action in order for her to be bound by the judgment. She has not contested plaintiff's claim that she had actual knowledge of this action as early as May 1993. See plaintiff's reply memorandum, dated July 19, 1996, pp. 1-3. Nevertheless, the aggregate of her interests in the property, especially her co-tenant status, warrant the granting of her motion so that she may receive an opportunity to redeem despite the late filing of her motion.
On the other hand, the plaintiff correctly insists that a court of equity should not allow her intervention to further delay this case by permitting her to relitigate adjudicated issues when she could have been a party to this action earlier except for her own, unexplained, dilatory behavior. This court agrees with plaintiff that Ms. Becker has asserted her rights without diligence and in a piece-meal fashion; this conduct is evidenced, among other things, by the 1994 assignments themselves which should have prompted her to investigate and protect her interests. Under these circumstances, Ms. Becker should be allowed to participate in the action on a going forward basis and should be estopped from acquiring a reconsideration of any adjudicated issues.
CONCLUSION
Accordingly, Judith Becker's Motion to Intervene is hereby granted, except that she is precluded from relitigating the CT Page 5462 validity of the mortgage originally executed in favor of Connecticut National Bank or from relitigating any other matters which are the law of the cases.
STEVENS, J.