[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT
This is an action to quiet title for implied easement rights CT Page 14547 to and over parts of land owned by the defendant. Both parties move for summary judgment on the basis of the following stipulated facts.
The plaintiff owns two lots which are part of a collection of lots referred to as "Stanhope Terrace" since their creation in the 1920s. Stanhope Terrace is now part of a larger collection of lots comprising a private association known as "Point O' Woods Association." When the plaintiff's lots were first created by conveyance from the larger tract, the deed to each lot described the conveyed property by an express reference to a 1920 Stanhope Terrace Map ("Stanhope Map"). At the time of this first conveyance, the grantor of the plaintiff's lots also owned the roads and bathing beach area as depicted on the Stanhope Map. Since their first conveyance in 1925 and 1926, the ownership of plaintiff's lots has changed hands several times, but has been continuous in an unbroken chain to the present day.
Although these first deeds did not create express easements, the plaintiff claims that the deeds carried an implied easement to the roads and beach by virtue of their reference to the Stanhope Map. The defendant is the current fee owner of the subject beach and a portion of what is called Old Cart Path, which used to be used for access to a public highway, but now appears to provide access to the beach area. The defendant disputes the plaintiff's claim of an implied easement to the beach or the Old Cart Path.
Based on the foregoing stipulated facts, the court is asked to determine whether, as a matter of law, the plaintiff's deeds to his lots carry an implied easement appurtenant to the beach area and Old Cart Path.
The plaintiff argues that the undisputed facts prove that he has an implied easement for use of the Old Cart Path and the Stanhope Beach. In support of his argument, the plaintiff identifies facts to show (1) that the grantor of his lots in the first conveyance owned the path and beach; (2) that the plat map identifying the path and beach was expressly referenced in his deeds; and (3) that the use of the path and beach were of benefit to the plaintiff's lots when they were first created.
The defendant, however, asserts that the plaintiff must (and cannot) prove that their was an intention to create such an implied easement. As an indication of such a lack of intent, the CT Page 14548 defendant states that the subject plat map is vague and ambiguous, and does not clearly identify the beach. The defendant further argues that intent cannot be presumed because it is not clear that such an implied easement is necessary for the plaintiff's reasonable enjoyment of the lots. In addition, the defendant argues that because the plaintiff has access to other beaches it is impossible to prove necessity.
Essentially, then, the defendant states that this court should apply a two-pronged test as articulated in Schultz v.Barker, 15 Conn. App. 696, 700, 546 A.2d 324 (1988). This test requires the court to examine: (1) the intention of the parties; and (2) whether the easement is reasonably necessary for the use and enjoyment of the dominant estate. However, this test was designed for situations where there is a severance of two adjoining parcels. This court agrees with the plaintiff that the defendant has misstated the applicable law with respect to the present case. The defendant plainly ignores the criteria set out by our appellate authority which establishes how an implied easement to roads and recreational areas can arise by reference to a plat map.
It is well settled that "when reference to a map is made in the deed which conveys a lot and that map delineates roadways, even though there is no express easement granted, in certain circumstances the lot owners acquire the right to have the streets and highways thereafter kept open for use in connection with their lands. . . . This is so even if at the time of the lot transfer the delineated roadways are not developed. . . . The nature of the right obtained by the lot owner is that of an implied easement." (Citations omitted; internal quotation marks omitted.) Stankiewicz v. Miami Beach Association, Inc.,191 Conn. 165, 169, 464 A.2d 26 (1983), citing Whitton v. Clark,112 Conn. 28, 32, 151 A.2d 305 (1930). "When a conveyance describes the conveyed property by reference to a map on which streets are shown, an implied easement over the streets exists by law, if it exists at all, only if the conveyor in fact owns the streets." Id., 170.
"[T]he right of a lot owner does not extend of necessity to all the streets in the tract delineated upon the map. " Whitton v.Clark, 112 Conn. 28, 33, 151 A.2d 305 (1930). "For the reasons stated in the Whitton case, the right of the lot owner does not extend of necessity to all the streets delineated on the map so as `to include streets which in any situation reasonably to be CT Page 14549 anticipated would not prove beneficial to him and from the deprivation of which he would suffer no injury.' In short, the true test of the plaintiff lot owner's right to relief is whetherthe street so shown is or may be of benefit to him." (Emphasis added.) Lake Garda Co. v. D'Arche, 135 Conn. 449, 453-54,66 A.2d 120 (1949); see also Gemmell v. Lee, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 039272 (September 6, 1995, Curran, J.), rev'd on other grounds,42 Conn. App. 682, 680 A.2d 346 (1996) ("the right of way must be of some benefit to the grantee or, at the very least, an inducement to purchase the property because of some benefit accruing").
The same principle applies to parks and other open areas which are delineated on a plat map. Pierce v. Roberts,57 Conn. 31, 37, 17 A. 275 (1889). "It has long been the law in this state that when conveyances are made by reference to a map or plot, each grantee to whom the conveyance is made acquires a private right or easement in a park or other open area delineated on the map or plot." Aunt Hack Ridge Estates, Inc. v. PlanningCommission, 160 Conn. 109, 116, 273 A.2d 880 (1970), citingPierce v. Roberts, supra, 57 Conn. 37; see Hickson v. NorotonManor, 118 Conn. 180, 187-88, 171 A. 31 (1934); Hackert v.Edwards, 22 Conn. Sup. 499, 502, 175 A.2d 381 (1961).
With these legal principles in mind, the court finds that the plaintiff must prove the following in order establish an implied easement in his favor with respect to the Old Cart Path and Stanhope Beach: (1) that the original grantor owned the path and beach at the time of the first conveyance; (2) that the relevant plat map delineates the path and beach as areas accessible by the plaintiff's lots; and (3) that the use of the path and beach areas are of some benefit to the plaintiff.
The stipulation of facts states that the original grantor did in fact own the path and beach at the time of the first conveyance. The first factor is, therefore, satisfied.
The relevant plat map, i.e., the 1920 Stanhope Terrace Map, does in fact delineate a roadway, the Old Cart Path, as well as a recreational area, the bathing beach, or "Stanhope Beach." The plaintiff's deeds at the time of the first conveyance describe the lots with an express reference to this map. It appears, therefore, that the second factor is also satisfied. The defendant argues, however, that the description of the beach area in this map is ambiguous when read in conjunction with a CT Page 14550 subsequent map of the same area, the 1932 Stanhope Terrace Annexation Map. Specifically, the label in the 1932 map reads, "To Bathing Beach," while the 1920 map reads only, "Bathing Beach." This court agrees with the plaintiff that this difference is inconsequential and, in any event, only the 1920 map is relevant to the original conveyance. The court finds, therefore, that the relevant map — the 1920 map — does delineate with sufficient clarity the road and recreational/beach area in which the plaintiff claims an implied easement. The second factor is, therefore, satisfied.
Finally, there is a sufficient factual basis by which the court may infer that use of the Old Cart Path and Stanhope Beach will be of some benefit to the plaintiff's lots. It appears that the path provides access over a railroad right of way as well as access to a recreational or beach area. There has been no factual showing to demonstrate that use of such areas would not be of some benefit to the plaintiff's lots. The third factor is, therefore, satisfied.
Accordingly, the court grants the plaintiff's motion for summary judgment. As a matter of law, therefore, the plaintiff is entitled to quiet title for an implied easement to the Old Cart Path and Stanhope Beach in his favor.
D. Michael Hurley, Judge Trial Referee