## NORA BURNS
### vs.
## ALLEN PERCIVAL

Superior Court     Fairfield County     File #46582

Present: Hon. ALFRED C. BALDWIN, Judge.

Mark Candee,     Attorney for the Plaintiff.

Pullman & Comley,     Attorneys for the Defendant.

## MEMORANDUM FILED MARCH 12, 1935.

BALDWIN, J.  The defendant Allen Percival pleads to the jurisdiction on the ground that no service of the writ, summons and complaint has been made upon him.  From the return upon the original writ it appears that Edward S. Leahy, constable, on the 23rd day of October, 1934, left a true and attested copy of the "writ" complaint and process with the defendant Allen Percival.

From the evidence offered upon the hearing upon this plea it appears that some time after midnight one night a constable appeared at the home of the defendant and was admitted, the defendant and the constable "chatted" together for a time. The constable either handed to this defendant or left on the table in the room a paper which is a copy of the original writ. This paper was not read to the defendant.  It bears no return

or certification or statement whatever of what it is or may be a copy of. In addition to the direction to the officer, the writ and complaint and the signature of the authority issuing it, the only thing this copy bears is the following, or what appears to be the following:—"Constable Stvn Leahy" and this was written with lead pencil, the hand writing bears no resemblance to the signature "Edward S. Leahy" on the return of service upon the original writ and complaint.

Section 5468 of the General Statutes provides: **"Service of Summons.** The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode."

The copy left was not an attested copy, nor was it read in the hearing of the defendant, and therefore, no proper service was made.

This is defective service, the defect could be waived by this defendant by his entry of a general appearance or by coming into the court and pleading to the merits of the case, and the court thereby would obtain jurisdiction of him. He has done neither. He has entered a special appearance for the purpose of this plea.

The court cannot acquire jurisdiction of a defendant who has no proper notice of the proceeding against him unless by some act he puts himself within the jurisdiction of the court. This, the defendant has not done.

This question could properly have been raised by a plea in abatement. It may be determined upon a plea of the jurisdiction, since our courts have held that a question of jurisdiction may be raised at any time and when jurisdiction is lacking, either of the parties or the subject matter and the process, it becomes the duty of the court to dismiss since all proceedings are **CORAM NON JUDICE.**

No service having been made upon this defendant as required by law, and he not having submitted to the jurisdiction of the court. A judgment against him would be ineffectual, the court having no jurisdiction of him in this action.

The plea to the jurisdiction is sustained and the writ and complaint is dismissed as to this defendant.