JERRY TUCCIO v. LINCOLN DEVELOPMENT CORPORATION

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 128547
AT BRIDGEPORT

Memorandum filed October 24, 1967

*Trager, Kleban & Trager,* of Bridgeport, for the plaintiff.

*Wofsey, Rosen, Kweskin & Kuriansky,* of Stamford, for the defendant.

TEDESCO, J. The plaintiff, an experienced builder and developer in Ridgefield, Connecticut, purchased from the defendant 6.6555 acres of land which had been designated as "Community Recreation Area" in a development of 275 acres. The community recreation area was included with other property, known as "Park, Community Recreation Area and Greenbelt," in a plan submitted to the planning and zoning commission of Ridgefield. The defendant offered, and the town accepted, the plan after a full hearing. There is no question that the 6.6555 acres were offered and accepted as community recreation area, as evidenced by admissions in pleadings and on the witness stand by the defendant's presi-

dent. The map as filed did not, however, set out, in so many words, the 6.6555 acres as community recreation area but left the area without any designation. This fact is of no import, for the reason that defendant admits that the area was submitted and accepted as community recreation area and that the town planning and zoning commission had documents from the defendant to that effect.

The plaintiff claims not to have known of the recreational designation of the acreage. He was given and accepted a warranty deed with the usual covenants against any encumbrances. No mention was made in the warranty deed of any agreement other than that the land was to be conveyed free and clear of any encumbrances. Several months after the conveyance to the plaintiff of the community recreation area, the plaintiff attempted to subdivide the area and learned of the recreational restrictions which were placed on the land. It is important to note that before any of the land was sold to the plaintiff, four or five lots from the development had been sold to strangers to the transaction of the parties herein. These lots were taken from a plat that included the community recreation area, and the purchasers were told of the benefits to be derived from the community recreation area, park and greenbelts.

The issue is whether one who has filed a map containing at least 141 lots, said map containing a park, community recreation area and a greenbelt open space designation, can sell the area dedicated as community recreation area as land free and clear of all encumbrances. The laying out of park land in subdivisions is considered to be a basic standard for subdivision control. See 3 Rathkopf, Zoning and Planning (3d Ed.) c. 71 § 5. Among the six basic standards laid out by Rathkopf which a municipal planning board shall require in connection with sub-

division control is included "(f) That the plat show, if so required by the planning board, a park or parks suitably located for playground and other recreational purposes, such parks to be of reasonable size for neighborhood playgrounds or other recreational purposes."

Connecticut is known to hold the "broad" view as concerns parks and recreational areas and holds to the intermediate view as to streets and alleys. The third view, known as "narrow or necessary," has no application in our state. The "broad" view protects the private rights of a grantee to whom a conveyance was made by reference to a plat, and to a user of parks and greenbelt areas laid out on such plat, on the theory that such private rights, entirely independent of public rights growing out of dedication, were created by implied grant, implied covenant or estoppel. *Pierce* v. *Roberts,* 57 Conn. 31; *Fisk* v. *Ley,* 76 Conn. 295; note, 7 A.L.R.2d 607, 650, 656, 657. In *Pulcifer* v. *Bishop,* 246 Mich. 579, the court held that even though the use may not be for the general public, the rule is that by platting and sale of lots there is constituted a dedication of parks as between the grantors and purchasers. These rights are irrevocable as between the grantor and grantee. 3 Dillon, Municipal Corporations (5th Ed.) § 1090. Our Supreme Court decided in a leading case, followed throughout the United States, that even though the word "park" is not mentioned in the deeds, the word park is an inseparable part of the deeds, and the grantor is estopped from using the land. *Pierce* v. *Roberts,* 57 Conn. 31. The dedication is held irrevocable as between the vendor and the purchaser. The dedicator cannot convey the land free from public easement, nor can his successor reclaim the use of the property. *Attorney General* v. *Abbott,* 154 Mass. 323; 23 Am. Jur. 2d, Dedication, § 60.

Sale from a map estops the owner from revoking dedication even if only one lot is sold. 23 Am. Jur. 2d, Dedication, § 61. By common-law dedication, the fee does not pass; the public acquires an easement dedicated to its use. The fee stays in the proprietor, with the public holding an easement in trust. Id. § 57. In *McElroy* v. *Fort Lee,* 46 F.2d 777, cert. denied, 283 U.S. 853, the court said that after the dedication is established it is irrevocable. When an owner has parted with his property by dedication, it is true that his grantee, taking nothing, cannot revoke the dedication or recover for its use. Note, 86 A.L.R.2d 860, 877.

The principles covering lot owners who obtained rights of one kind or another from plats or maps including parks, streets, alleys, lawns, recreational areas, campgrounds, squares, greenbelts, gardens and groves, among others, are stated in *Hackert* v. *Edwards,* 22 Conn. Sup. 499, 503: "[W]here land is sold with reference to a map or plat showing a park, the purchaser acquires an easement that such area shall be used in the manner designated. The easement thus created is an independent private right and is not rendered nugatory by the fact that the map is not properly made or recorded for purposes of dedication. 28 C.J.S. 702, 708. The right acquired by a conveyance based upon such a map is a private right and is entirely independent of whether any such right exists in the public. *Merino* v. *Fish, Inc.,* 112 Conn. 557, 561. It is considered in the nature of a private easement appurtenant to the land sold, and separate and apart from public rights growing out of a dedication. *Pierce* v. *Roberts,* 57 Conn. 31, 37. Some courts have protected it on the theory that such private right was created by implied grant, implied covenant or estoppel. Note, 7 A.L.R.2d 607, 654."

Section 4-34 of the Ridgefield planning regulations is particularly significant. That section provides: "When neither the application nor any subsequently filed document obligates the applicant to convey to the Town any street, open space, park or other facility intended for general use, the applicant shall make such reasonable provision for future ownership and maintenance thereof as the Commission may deem appropriate in view of all relevant circumstances." So, immediately, by reason of this regulation, a question is raised as to proper disposition of the property.

The court concludes, therefore, that the defendant did not have a title which was free and clear to convey to the plaintiff. The restrictions on the community recreation area remain on the land even though title was in the defendant. All that the defendant did was to transfer a bare title and no rights to the plaintiff. The rights in the user of the community recreation area had already been annexed to every lot marked on the plat, either sold or to be sold. The facts were borne out by the defendant's presentations to the town planning commission in the defendant's letters and in its pleadings in this case and admissions in open court. Whether the defendant knew that the community recreation area was salable free and clear matters not. The fact is that the property could not be sold as property free and clear as warranted by the defendant's deed to the plaintiff.

The question now turns to damages. This action is brought to recover for a tort, a deceit, as opposed to an action for rescission of a contract. *Wilson* v. *Nichols*, 72 Conn. 173, 180. The defendant in this case may not have known that it could not convey the community recreation area and give a clear title. If a party, to secure some benefit to himself, makes

an untrue statement about a matter of which he has, and is known to have, the best means of knowledge, he is guilty of fraud even if he spoke in ignorance of the facts, for he has asserted that he knows what he does not know. *Warman* v. *Delaney,* 148 Conn. 469. The defendant in the instant case represented that it could sell free and clear the 6.6555 acres and, in fact, did convey by warranty deed. The plaintiff relied on the defendant's representations, paid for the land, and subsequently found that he did not receive the land free and clear of encumbrances. See *Clark* v. *Haggard,* 141 Conn. 668.

The defendant claims that the plaintiff had opportunities to discover that the 6.6555 acres were dedicated for community recreation area purposes. The designation as community recreation area did not, however, appear on the land records, and a title search did not reveal this designation. An applicable rule of law is cited in *Loverin* v. *Kuhne,* 94 Conn. 219, 226: " 'The *mere existence of opportunities* for examination, or of sources for information, is not sufficient, even though by means of these opportunities and sources, in the absence of any representation at all, a constructive notice to the party would be inferred; the doctrine of constructive notice does not apply where there has been such a representation of fact. 2 Pomeroy's Equity Jurisprudence (3d Ed.) § 895.' "

Damages recoverable for false representation in the sale of land are measured by the difference between the value of the property actually conveyed to the plaintiff and its value had it been as represented. *Slachter* v. *Olderman,* 116 Conn. 156, 158; *Franchey* v. *Hannes,* 152 Conn. 372, 381. The expert for the defendant testified as to fifteen comparable sales in the area and possessed adequate expertise to satisfy the court. He testified that the area known

as community recreation area had a value, if unrestricted, of $16,600. The court feels that figures given by other witnesses were not adequately substantiated and therefore accepts the figure of $16,600.

The court finds the issues for the plaintiff and awards damages in the amount of $16,600, and judgment may enter accordingly.