CORNELIA JONES ET AL. *v.* FRANKLIN M. FOOTE, COMMISSIONER OF HEALTH

HOUSE, C. J., COTTER, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 9—decided December 4, 1973

*Sydney T. Schulman,* with whom, on the brief, was *James W. Zion,* for the appellants (named plaintiff et al.).

*Bernard F. McGovern, Jr.,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellee (defendant).

COTTER, J. The defendant, Franklin M. Foote, M.D., at the time of trial, was commissioner of health pursuant to the provisions of § 19-2 of the

General Statutes and was responsible, inter alia, for preventing and suppressing disease in Connecticut, administering state health laws and the public health code, preparing regulations which were incorporated into the code, and supervising the operation of the state department of health. General Statutes § 19-4. He also had supervision over "all matters concerning hairdressing and cosmetology" and the adoption of regulations for the administration and conduct of such business; he was responsible for and was required to "prescribe the course of training," and to license and supervise schools of hairdressing and cosmetology. General Statutes §§ 20-251, 20-262, 20-263.

This matter arose from the commissioner's duties regarding the curricula of hairdressing and cosmetology schools and his responsibility to see that the courses of study did not violate fair employment practices under §§ 4-61d, 4-61f and 4-61g, upon which the plaintiffs rely.

The plaintiffs petitioned the Court of Common Pleas pursuant to § 4-61l seeking an injunction enjoining the commissioner from permitting the discontinuance of and refusing to require the teaching of hair pressing to all students in each school under his jurisdiction and asked that this matter be declared a class action under General Statutes § 52-105, contending that they can represent all the black students at schools of hairdressing and cosmetology licensed by the state department of health, and all black patrons of hairdressing establishments who would seek the hair pressing method of hair straightening. They alleged that the defendant's actions violated the equal protection clause of both the federal and state constitutions and

§§ 4-61d, 4-61f and 4-61g of the General Statutes; that they were students at the Connecticut Institute of Hairdressing, Inc. (hereinafter referred to as C.I.H., Inc.), a school of cosmetology and hairdressing licensed by the state department of health; that the commissioner promulgated discriminatory regulations which permitted the C.I.H., Inc., to discontinue the teaching of the "pressing" method of hair straightening, and that he agreed to permit it to discontinue the teaching of hair pressing. It is also claimed by the plaintiffs that courses of study comprising such curricula must be taught, and the public serviced by these schools, without discrimination and that there must be compliance with the public accommodations law, § 53-35. The plaintiffs Cornelia Jones and Eunice McDaniel have appealed to this court from a judgment rendered in favor of the defendant.

From those portions of the finding made by the court which are unchallenged it appears that the following are the facts pertinent to a decision of the case. The controversy was precipitated when the commissioner published a circular letter on September 9, 1968, giving hairdressing schools an option of teaching either hair pressing or the chemical method of hair straightening, which was distributed to the schools to inform them of the requirements of the 1968 amendments to § 20-251-11, Regulations of Connecticut State Agencies, which had been promulgated to implement the spirit of the human rights statutes. Prior to the enactment of these amendments to the regulations, the defendant conducted a meeting with various state officials, including the director of the state commission on human rights and opportunities. The department of health had no preference as to whether chemical

hair straightening or hair pressing was taught. It was the defendant's opinion that the allegedly discriminatory situation at the C.I.H., Inc., which gave rise to the administrative hearing arose from the students at the school being allowed the election of taking either the chemical hair straightening course or the hair pressing course and that the allegedly discriminatory situation at the school resulted in no way from the affirmative acts of the owners of C.I.H., Inc. At the time of trial, the plaintiffs had successfully completed their courses, had graduated from C.I.H., Inc., and were licensed hairdressers but nonetheless they sought to maintain their petition as a dual class suit under § 52-105 of the General Statutes.

The court concluded, inter alia, that § 52-105, which permits a class action, only has to do with a civil action and cannot be applied to a proceeding under § 4-61*l*,[1] which constitutes a procedure for taking an appeal. The petition permitted under § 4-61*l* is a special statutory proceeding allowed to "any person" claimed to be aggrieved by a violation of "sections 4-61c to 4-61*l*" all of which refer to specific discriminatory actions of state agencies. Section 4-61*l* provides a separate, distinct and limited statutory remedy to an aggrieved person whereas any violation of constitutional rights can properly be brought, in the absence of special legislation, only in the form of a civil action. It is significant that the form of process utilized by the plaintiffs follows that of an appeal taken pursuant

---

[1] "[General Statutes] § 4-61*l*. APPEALS. Any person claiming to be aggrieved by a violation of any provision of sections 4-61c to 4-61*l*, inclusive, may petition the court of common pleas for appropriate relief and said court shall have the power to grant such relief, by injunction or otherwise, as it deems just and suitable."

to § 4-61*l*. A cause of action pursuant to § 52-105 must be a civil action and the court correctly concluded that the petition brought by the plaintiffs under § 4-61*l* was a special statutory proceeding for judicial review of administrative action and, as such, it constituted an appeal under the statute and the plaintiffs could not invoke the use of § 52-105 to include members of a class they claimed to represent. *Bank Building & Equipment Corporation* v. *Architectural Examining Board,* 153 Conn. 121, 124, 214 A.2d 377; *New Haven* v. *New Haven Water Co.,* 132 Conn. 496, 515, 516, 45 A.2d 831.

The issuance of an injunction, which is an. extraordinary remedy, requires, in a proceeding under General Statutes § 4-61*l*, allegations and proof that the plaintiffs are aggrieved and that their aggrievement constitutes a justiciable interest in the controversy in question, one fact of which is founded on the imminence of substantial and irreparable injury. *Bendell* v. *Johnson,* 153 Conn. 48, 51, 212 A.2d 199. The granting of an injunction rests in the sound discretion of the court and cannot be demanded as a matter of right. *Ginsberg* v. *Mascia,* 149 Conn. 502, 505, 182 A.2d 4. The unattacked findings of fact, including those that the plaintiffs had successfully completed their schooling, had graduated and had been licensed by the state, support the conclusion of the court that they did not suffer irreparable injury. A court will grant equitable relief, injunctive or otherwise, only on the situation as it exists at the time of trial. *Grievance Committee* v. *Dacey,* 154 Conn. 129, 153–54, 222 A.2d 339, appeal dismissed, 386 U.S. 683, 87 S. Ct. 1325, 18 L. Ed. 2d 404; *Edward Balf Co.* v. *East Granby,* 152 Conn. 319, 323, 207 A.2d 58; *Holt* v. *Wissinger,* 145 Conn. 106, 115, 139 A.2d 353.

The court sustained an objection to the admissibility of a survey which was offered by the plaintiffs as an exhibit. It was not marked for identification and is not part of the record on this appeal. Since it is not available for examination by this court, we cannot determine the propriety of the trial court's ruling. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 227, 215 A.2d 123.

We need not consider the remaining assignments of error which have either been abandoned or are not pertinent in view of the grounds upon which we dispose of the case.

There is no error.

In this opinion the other judges concurred.