SHIRLEY B. EVERETT *v*. JAMES L. PABILONIA ET AL.
(3623)

SPALLONE, BIELUCH and BERDON, Js.

Argued March 10—decision released June 2, 1987

*Mary E. Holzworth,* with whom, on the brief, was *Allyn L. Brown, Jr.,* for the appellant (plaintiff).

*James J. Murphy, Jr.,* with whom, on the brief, was *Dawn E. Currier,* for the appellees (defendants).

SPALLONE, J. The plaintiff is appealing from the judgment of the trial court denying her a right-of-way by deed and granting her a more limited right-of-way by prescription.

The following facts are not in dispute. In 1948, Francis and Josephine Czainski, the plaintiff's predecessors in title, purchased property in the town of Windham at a foreclosure sale. At the time of purchase, the lot contained a house and a garage that were three-quarters finished. The Czainskis completed work on those structures and added a second garage in 1962. On November 25, 1968, the Czainskis conveyed the property to the plaintiff by deed, which deed, in addition to a metes and bounds description, described the property as "[b]eing Lot #101 as shown on a plan entitled 'Modern Life Homes Corporation, Hitchcock Park, Willimantic, Conn., Partial Layout of Plots, drawn by F.H. Hamilton August 1946 Scale 1″=3′,' which plan is on file in the office of the Town Clerk of the Town of Windham." A road depicted as Cod Colony Road is clearly shown on the aforementioned plan as abutting the plaintiff's property. Neither Cod Colony Road nor any of the other residences shown on the aforementioned map, however, was ever completed.

Both the plaintiff and the Czainskis, however, had used a dirt path to reach the two garages on the plaintiff's property, and this path was located in the general area where Cod Colony Road was to have been located. The defendants are the present owners of the land adjoining the plaintiff's property, including the dirt path by which the plaintiffs reached their garages.

In 1981, the defendants began to interfere with the plaintiff's use of the dirt path. Thereafter, the plaintiff brought the present action in two counts, the first count claiming a right-of-way by deed and the second count claiming an easement by prescription. After a trial, the court found that the plaintiff had failed to offer evidence to establish a right-of-way by deed, but that the plaintiff had established a prescriptive easement. The court also found that the plaintiff had not established that she was entitled to exemplary damages. The court therefore rendered judgment granting the plaintiff a right-of-way "extending from the southerly boundary of the plaintiff's property to the southerly tire path of the dirt road as it presently exists." The plaintiff appealed from this judgment on October 12, 1984.

On October 29, 1984, the plaintiff filed a motion to open and modify the judgment and a motion seeking further articulation of the court's judgment. These motions were argued on November 11, 1985. On December 24, 1985, the court rendered its decision articulating its decision and denying the motion to open and modify. The plaintiff thereafter amended her appeal to include the denial of her motion to open and modify the judgment.

The plaintiff claims the trial court erred (1) in denying the plaintiff's motion to open and modify the judgment, when, as a matter of law, she had a right-of-way by deed because the deed made reference to a recorded plan depicting Cod Colony Road, (2) in limiting the

plaintiff's right-of-way acquired by prescription, (3) in refusing to award exemplary damages, and (4) in refusing to grant injunctive relief restraining the defendants from interfering with her right-of-way. We find no error.

In her first claim of error, the plaintiff asserts that the court erred in denying her motion to open and modify because, as a matter of law, her deed established that she had a right-of-way over Cod Colony Road. The plaintiff relies on *Whitton* v. *Clark,* 112 Conn. 28, 151 A. 305 (1930), and later related cases. See *Lake Garda Co.* v. *D'Arche,* 135 Conn. 449, 66 A.2d 120 (1949) (right-of-way can be created even where roadways are not developed); *Merino* v. *Fish, Inc.,* 112 Conn. 557, 153 A. 301 (1931); *Tuccio* v. *Lincoln Development Corporation,* 27 Conn. Sup. 373, 239 A.2d 69 (1967); *Hackert* v. *Edwards,* 22 Conn. Sup 499, 175 A.2d 381 (1961). In *Whitton* v. *Clark,* supra, 32, our Supreme Court stated: "[T]he law is well settled that where an owner of land causes a map to be made of it upon which are delineated separate lots and streets and highways by which access may be had to them, and then sells the lots, referring in his conveyances to the map, the lot owners acquire the right to have the streets and highways thereafter kept open for use in connection with their lands." (Citations omitted.) The plaintiff claims that because her deed clearly makes reference to a recorded map that shows Cod Colony Road as abutting her property, and because she would benefit from the use of at least part of Cod Colony Road, the court erred by failing to hold that she had established a right-of-way over the proposed Cod Colony Road.

Initially, we note that the plaintiff raised this argument for the first time in a memorandum of law submitted on November 5, 1985, in connection with her motion to open and modify and her motion for articu-

lation. This claim was never made at trial; nor was it made in either the motion to open and modify or the motion for further articulation, both of which were filed on October 29, 1984, over a year before the issue was raised in the memorandum.[1] If it is assumed arguendo that the court had jurisdiction to consider this claim,[2] our review of the trial court's decision is limited to determining whether the trial court abused its discretion. *Acheson* v. *White*, 195 Conn. 211, 215, 487 A.2d 197 (1985). In making this determination, we must make every reasonable presumption in favor of its action. Id.

---

[1] Although the plaintiff in the first count of her complaint claimed a right-of-way by deed over the defendant's land, the plaintiff did not claim that the right-of-way was established under the *Whitton* doctrine because of the map reference in her deed. Instead, the plaintiff claimed a right-of-way by deed in apparent reliance on language that appears to have been contained in the defendant's deed. In her complaint, the plaintiff claimed that the portion of the defendant's land subject to such right-of-way was as follows: "A right-of-way from Cod Colony Road to the land of Pakorvich to be kept open adjacent to the southerly boundary of lot #101 Hitchcock Park (so-called). The above land and right-of-way shown on a plan entitled Modern-Life Homes Corporation, Hitchcock Park, Willimantic, Conn. Proposed lay out of Plats, Drawn by F.H. Hamilton August 1946 filed with City Clerk, Willimantic, Conn. Oct. 22, 1946." In addition, in both her motion to open and modify and her motion for articulation, the plaintiff requested the court to describe the plaintiff's right-of-way in accordance with this language, and made no reference to her present claim. As the trial court later found and the plaintiff admitted in oral argument, however, this description referred to a wholly different location than the Cod Colony Road area that the plaintiff now claims was established by virtue of the map reference in her deed.

[2] Under General Statutes § 52-212a and Practice Book § 326, a motion to open judgment must be filed within four months from the date it was rendered. *Celanese Fiber* v. *Pic Yarns, Inc.*, 184 Conn. 461, 465, 440 A.2d 159 (1981). Absent certain exceptions not relevant here, a trial court has no jurisdiction to hear a motion filed beyond this four month period. Id., 465–66. Although the plaintiff filed her motion to open and modify within four months of judgment, the motion specifically requested that the judgment be modified only in three respects, none of which were related to the present claim of implied easement under the *Whitton* doctrine. The present claim was not raised until over a year after the trial court rendered judgment.

We find that the trial court did not abuse its discretion in refusing to open the judgment in order to hold that the plaintiff had established an easement over the proposed Cod Colony Road. The authority relied on by the plaintiff, *Whitton* v. *Clark,* supra, and its progeny, were recently clarified by our Supreme Court in *Stankiewicz* v. *Miami Beach Assn., Inc.,* 191 Conn. 165, 464 A.2d 26 (1983). In *Stankiewicz,* the court held that while a grantor may convey an implied easement for the use of streets by making reference in a deed to a map that delineates such streets, an easement over these streets will be created only if the conveyor in fact owns the streets. Id., 170. The court reasoned that since a grantor cannot convey a greater title than he possesses, a grantor cannot create an easement, express or implied, over land in which he has no interest. If this reasoning is applied to the present case, the plaintiff would be able to establish an implied easement over Cod Colony Road only if she demonstrated that at the time the deed in her chain of title first referred to the map delineating Cod Colony Road, the grantor conveying this deed in fact owned the street. The plaintiff, however, has failed to demonstrate that she established, or even raised, this point at trial. Thus, even if we assume that the trial court had jurisdiction to consider this claim, we would be unable to find that the court abused its discretion in failing to open the judgment in order to hold that the plaintiff had established an implied easement over Cod Colony Road.

In her second claim of error, the plaintiff claims that the trial court erred by defining too narrowly the scope of her prescriptive easement. The trial court found that the plaintiff had established a prescriptive easement over the dirt path located adjacent to the southern border of her property. The plaintiff claims that, in addition to an easement over the dirt path, the court should have found that she had established an easement over

a grass portion along the path because this portion was necessary for her to be able to back her vehicles out of her driveway.

The determination of the scope of a prescriptive easement is a question of fact. See *Reynolds* v. *Soffer,* 190 Conn. 184, 190, 459 A.2d 1027 (1980). Our review of the factual findings of the trial court is limited to the determination of whether, in view of the evidence and pleadings in the whole record, these findings are clearly erroneous. Practice Book § 4061. A factual finding of the trial court is clearly erroneous if it is unsupported by the evidence or if, in view of the evidence and pleadings in the whole record, this court is left " 'with the definite and firm conviction that a mistake has been committed.' " *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495 A.2d 1074 (1985); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Buddenhagen* v. *Luque,* 10 Conn. App. 41, 44–45, 521 A.2d 221 (1987). In the present case, while the testimony was uncontradicted that the plaintiff and her predecessor had customarily backed out of the driveway and traveled over the dirt path to reach the main street, the testimony was unclear as to whether the plaintiff and her predecessor used the grassy area next to the path when backing her vehicle from her driveway. While there was testimony that the grassy area was used for other purposes, the testimony did not clearly establish that it was used as part of the right-of-way. Without such evidence, we cannot find that the trial court's findings as to the scope of the easement were clearly erroneous.

In her third claim of error, the plaintiff contends that the trial court erred in refusing to award her exemplary damages. The court concluded that although the defendants had inconvenienced the plaintiff by blocking access to the proposed Cod Colony Road, the defendants had not caused the plaintiff any real dam-

age. In addition, the court found that the defendants could not be charged with reckless indifference or malicious intent toward the plaintiff since the defendants had made a good faith effort to satisfy the plaintiff's claim. The plaintiff claims that the court ignored certain evidence she introduced concerning her damages and that there was sufficient evidence to find that the defendant acted with reckless disregard of her rights.

" '[P]unitive damages' and 'exemplary damages' are merely alternate labels for the same remedy, a remedy awarded only when the evidence shows reckless, intentional or wanton violation of the rights of others." *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 289 n.7, 472 A.2d 306 (1984); see also *Alaimo* v. *Royer,* 188 Conn. 36, 42–43, 448 A.2d 207 (1982). The trial court's findings regarding the alleged reckless indifference or malicious intent of the plaintiff are factual findings subject to review under the clearly erroneous standard. Practice Book § 4061; see *Leabo* v. *Leninski,* 2 Conn. App. 715, 724, 484 A.2d 239 (1984). After reviewing the record and briefs, we cannot say that the court's conclusion on this issue was clearly erroneous.

Finally, the plaintiff claims that the trial court erred in failing to grant her injunctive relief restraining the defendants from interfering with her use of the right-of-way. An injunction is a harsh remedy and our courts have consistently held that its issuance is only proper in order to prevent irreparable injury. *Berin* v. *Olson,* 183 Conn. 337, 340, 439 A.2d 357 (1981); *Scoville* v. *Ronalter,* 162 Conn. 67, 74, 291 A.2d 222 (1971); *Bendell* v. *Johnson,* 153 Conn. 48, 51, 212 A.2d 199 (1965). The granting of an injunction is not mandatory but is within the sound discretion of the trial court. *Berin* v. *Olson,* supra; *Jones* v. *Foote,* 165 Conn. 516, 521, 338 A.2d 467 (1973); *Koepper* v. *Emanuele,* 164 Conn. 175, 178, 319 A.2d 411 (1972); *Lichteig* v. *Churinetz,* 9 Conn.

App. 406, 412, 519 A.2d 99 (1986). We note that the plaintiff did not establish a legally enforceable right-of-way over the gravel path until judgment was rendered in her favor in these proceedings. There is no reason to believe that the defendants will violate the judgment of the court. On the contrary, the court found that the defendants, after being advised by their attorney, agreed that the plaintiff had a right to use the right-of-way by prescription. We therefore find no abuse of discretion in the trial court's failure to grant injunctive relief.

There is no error.

In this opinion the other judges concurred.