BENJAMIN R. BUCKNER *v.* THE SHOREHAVEN
GOLF CLUB, INC., ET AL.
(5556)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 5—decision released February 23, 1988

*Eugene J. Riccio,* with whom, on the brief, was *P. Benedict Fraser,* for the appellant (plaintiff).

*James F. Kenney,* with whom, on the brief, was *Stephen R. Bellis,* for the appellee (named defendant).

O'CONNELL, J. This is the plaintiff's appeal from the judgment denying his request for an injunction ordering his reinstatement as a member of the defendant country club.[1] The named defendant is a private capital stock corporation which operates a private coun-

---

[1] Before trial, the action was withdrawn as to the individual defendant who was the president of the board of directors of the corporate defendant.

try club in East Norwalk. The plaintiff was a member of the club until November 11, 1985, when he was expelled by a vote of the club's board of directors for conduct which it found to be "detrimental or dangerous to the welfare, interests or character of the club." This action was taken after a hearing before the board at which witnesses were heard.

The trial court found, inter alia, that the "[p]laintiff has not suffered irreparable harm." It is the trial court's ruling on this issue which determines the plaintiff's appeal.[2]

It is an elementary doctrine that one who seeks injunctive relief must prove that absent the issuance of the injunction he will suffer irreparable harm. "An injunction is a harsh remedy and our courts have consistently held that its issuance is only proper in order to prevent irreparable injury." *Everett* v. *Pabilonia,* 11 Conn. App. 171, 178, 526 A.2d 543 (1987), and cases cited therein. Further, it is beyond dispute that the granting or denial of a request for injunctive relief "is not mandatory but is within the sound discretion of the trial court." Id. In the present case, the trial court expressly found that "the plaintiff has not suffered irreparable harm."

We conclude that the trial court did not abuse its discretion in denying the plaintiff's request for injunctive relief.

There is no error.

In this opinion the other judges concurred.

---

[2] The plaintiff strenuously objected to the named defendant's attempt to raise the irreparable harm issue at oral argument when it had not been included in its brief or counterstatement of issues. Since we have determined that the plaintiff has failed to prove all of the requisite elements of this action for injunctive relief, we need not address the plaintiff's claim that the argument is improper.