[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE TO FIFTH COUNT
The plaintiff, H.O. Wolding, Inc. on September 6, 1989 filed a revised complaint in eleven counts against the defendants Caron Auto Works, Inc. (Caron) and Spillane's Servicenter, Inc. (Spillane's).
The plaintiff alleges the following facts in count five, which incorporates paragraphs one through eleven of the first count. On August 11, 1987 a tractor-trailer owned by the plaintiff became disabled and damaged on Interstate 84 in East Hartford, Connecticut. The defendant Caron was engaged to remove the disabled tractor-trailer, tow the tractor-trailer to Caron's repair shop, and repair the damages. Caron engaged Spillane's to assist in the removal of the tractor-trailer and its cargo of paper rolls. Caron demanded payments totalling $13,912.65 (consisting of $2,392.65 for repairs, and $11,520 for off-loading) before it would release the tractor-trailer. The plaintiff, a Wisconsin corporation, was forced to pay said sum, which is allegedly excessive and unjustified.
In count five the plaintiff further alleges the following. Caron is a motor vehicle repair shop as defined in Conn. Gen. Stat. 14-65e. Caron did not provide the plaintiff CT Page 7034 with a written estimate of the parts and labor costs, nor aid Caron obtain a written waiver of the plaintiff's right to a written estimate. Therefore, the plaintiff alleges that pursuant to Conn. Gen. Stat. 14-65(f) Caron is entitled to no more than $50.00 for its work.
On October 19, 1989 the defendant Caron filed an answer and a special defense to the fifth count. Said special defense alleges:
 1. The plaintiff customer was unavailable to receive a written estimate of the parts and labor costs or to execute a written waiver of its right to an estimate.
 2. The plaintiff customer gave oral consent, by telephone from Wisconsin, to the defendant repair shop to perform the repair work pursuant to C.G.S. 14-65 (a) [sic].
 3. The defendant repair shop advised plaintiff of its best estimate for the cost of the repairs.
On December 13, 1989 the plaintiff filed this motion to strike the defendant. Caron's special defense to count five.
Subsequently on March 21, 1991 plaintiffs filed a second revised complaint which does not affect this Motion as the allegations in each count five remain identical.
 I.
Section 14-65 (f) Conn. Gen. Stats. states
 (a) Prior to performing any repair work on a motor vehicle, a motor vehicle repair shop shall obtain a written authorization to perform the work, signed by the customer, which includes an estimate in writing of the maximum cost to the customer of the parts and labor necessary for the specific job authorized. A repair shop shall not charge for work done or parts supplied without a written authorization or in excess of the estimate unless the customer given consent orally or in writing.
Defendants' memorandum of law emphasizes the last phrase in subsection (a) above as a basis for arguing that "oral consent" under the circumstances is a valid defense because the statute permits oral consent where the customer was not available to receive a written authorization. CT Page 7035
Section 14-65f has been strictly construed to require a signed written authorization before a repairer can claim payment for a repair bill to a motor vehicle. Lewis Truck 
Trailer, Inc. v. Jandreau, 1 CSCR 73 (January 22, 1986, Gaffney, J.), affirmed on other claims 11 Conn. App. 171
(1987). "In the absence of such authorization, the repair shop is barred from charging its customers for the work done or parts supplied." Lewis, ibid. The Lewis case involved a repair estimate which was prepared and submitted to the customer but never signed by the customer, and no claim was made as to oral consent.
In another superior court case, unreported, New England Truck Sales and Service, Inc. v. Spezzano, 1990 Hodgson, J., the customer's oral consent was deemed sufficient, where the customer waived the requirement of a prior written authorization.
In our view "oral consent" comes to play under the statute only when a claim is made for "work done or parts supplied" . . . in excess of the estimate" (emphasis supplied) only after a written authorization has been obtained for the original work or the written authorization has been waived. The brief statutory history available in connection with the present statute, revised by P.A. 80-425, would appear to bear out this construction.
"It would give the flexibility to the repairman because in case he wasn't aware of the full problem involved with the car, he could either authorize orally after the original written estimate is given or initially have the customer write an authorization with a waiver attached to it, with a total amount at the maximum allowed at the time."
Remarks of Senator Casey, April 16, 1980, General Assembly Senate Proceedings, 1980, Vol. 23, part 5 p. 1338.
It is not clear, however, whether the statutory language "A repair shop shall not charge" necessarily rules out the special defense in an action to recover an alleged overcharge and the bill has been fully paid, as in the subject case. In Lewis, ibid. the court stated "The statute on which the defendant chiefly relies (Sec. 14-65f) . . . bars the plaintiff's rights to charge and to recover for the services which it furnished. It does not extinguish the underlying debt." (Emphasis supplied).
Moreover, the Fifth Count in the complaint contains claims for overcharges for the reloading work as well as for repair charges, and no claim has been asserted that Sec. CT Page 703614-65(f) has any relation to such reloading work. It may have been useful for the defendant to test the appropriateness of plaintiff combining a claim for overcharge and statutory noncompliance in a single count, before filing his special defense, but we cannot hold as a matter of law that the special defense is insufficient in the present state of the pleadings. "The function of a motion to strike is to "test the legal sufficiency of a pleading." Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). In a motion to strike, the court is required to construe the facts most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1980).
Motion to Strike denied.
Wagner, J.