[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR TEMPORARY INJUNCTION
In this administrative appeal, plaintiff, an environmental intervenor under section 22a-19(a) of the General Statutes, seeks a temporary injunction to halt excavation and other work licensed by the defendant, Redding Conservation Commission, on land of the defendants, Gerald and Peg Casiello. Plaintiff, in his application alleges that wetlands will be destroyed and/or irremediably harmed unless the Casiellos cease working on the pond. He contends that all such work should be stayed pending final decision on this appeal.
In argument, plaintiff also claims that the Commission approved plan of planting in the wetland areas is inadequate, insufficient and is merely a continuation of a plan evidencing reckless indifference to wetlands and watercourses. This, plaintiff claims, is evidence in and of itself, of irreparable harm to the wetlands environment.
As a threshold issue, defendant Commission argues that plaintiff, as an environmental intervenor under section22a-19 of the General Statutes, is without authority to seek CT Page 1634 a restraining order.
The court, however, finds such authority in section22a-43 of the General Statutes. Clearly, the instant administrative proceeding is controlled by sections 22a-36 to22a-45 of the statutes and, pursuant to section 22a-43, "any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality . . . may, within the time specified in subsection (b) of section 8-8 from publication of such regulation, order, decision or action, appeal to the superior court. . . ." As a result, an environmental intervenor has standing to appeal for the limited purpose of raising environmental issues, and has statutory authority to appeal pursuant to General Statutes, Sec. 22a-43.
In addition to creating the statutory right to appeal for aggrieved persons, section 22a-43 creates the right to seek a restraining order. "The appeal . . . shall not stay proceedings on the regulation, order, decision or action, but the court may on application and after notice grant a restraining order." Accordingly, an intervenor may seek a restraining order.
The court, after hearing the parties and their witnesses, finds as follows:
During the month of September, 1992, the Casiellos were granted a license by the Redding Conservation Commission to excavate and create a pond in a wetland area to the rear of their home on Gallows Hill Road in Redding. They were also permitted to use much of the excavated material to cover or fill certain wetland areas, essentially to cover a growth of an undesirable invasive species of plant known as phragmites.
The pond, approximately 70' x 70' x 9' was excavated and the spoils spread as indicated on a map showing proposed fill plan. (Plaintiff's Exhibit F.) At the time of the hearing, all excavation and filling permitted by the license had been completed for over one and one-half months. Additionally, the filled areas had been seeded with winter rye to stabilize the soils and only the planting of permanent flora remained.
Pursuant to plan, the Casiellos are to plant native CT Page 1635 wetlands vegetation in the filled wetlands areas and other plants, shrubs and trees in the upland soil areas. They propose to undertake and accomplish this planting as soon as weather and soil conditions permit.
At hearing, plaintiff's expert testified that the substitution of a pond for other wetlands would change the surrounding ecology irrevocably and that filling the wetlands caused irreparable harm. The court finds that the irreparable harm, if any, caused by digging and filling is a fait accompli, all necessary, planned and permitted excavating and filling having been completed weeks ago. Consequently, plaintiff's request to halt excavation and filling is moot.
As a second ground for his request, plaintiff claims that irreparable harm and damage will be visited upon the wetlands area if the proposed plantings die in the soil because the wetlands have been filled too deeply or if the defendants use fertilizer or lime when planting. Clearly, these concerns are based on speculation and conjecture and fail to convince the court that it should issue the extraordinary relief requested.
As stated by the court in Buckner v. Shorehaven Golf Club, Inc., 13 Conn. App. 503, 504 (1988), "It is an elementary doctrine that one who seeks injunctive relief must prove that absent the issuance of the injunction he will suffer irreparable harm. `An injunction is a harsh remedy and our courts have consistently held that its issuance is only proper in order to prevent irreparable injury.' Everett v. Pabilonia, 11 Conn. App. 171, 178, 526 A.2d 543 (1987), and cases cited therein. Further, it is beyond dispute that the granting or denial of a request for injunctive relief `is not mandatory but is within the sound discretion of the trial court.'"
In the instant case, plaintiff intervenor, pursuant to section 22a-19 of the General Statutes, seeks to protect the public trust in the natural environment, therefore, he must show that there is a reasonable probability that the wetlands or wetlands environment, and not he personally will suffer irreparable harm if a temporary injunction does not issue to preserve the status quo. CT Page 1636
Plaintiff's speculation to the contrary notwithstanding, preservation of the status quo by way of a temporary injunction will prevent no irreparable harm. Actually, it would prevent little more than the planting of stabilizing native vegetation in the spring.
Consequently, the court finds that plaintiff has failed to show, with any degree of persuasiveness, the probability that irreparable injury will ensue from failing to grant the requested temporary injunction; and, inasmuch as plaintiff has failed to prove a prerequisite to the granting of the relief requested, the court need not inquire into the likelihood or probability of his ultimate success in this administrative appeal.
In accord with the foregoing discussion, plaintiff's motion and application for a temporary injunction is denied.
West, J.