[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR TEMPORARY INJUNCTION
Defendant, Votum LLC, purchased the catering business of the plaintiff, Scott Rohrig, and became a party to this lawsuit when the plaintiff sued on the defendant's purchase money note which was not paid according to its terms. The defendant claims that the plaintiff sold his catering business to it and then, in violation of their contract, engaged in prohibited competitive catering activities. The defendant now moves for a temporary injunction and asks the court to enjoin the defendant in accordance with its "Prayer for Injunction". The court does not note any prayer in the application itself. However, in the counterclaim on file with the court, the defendant Votum sets forth its request for a temporary and permanent injunction prohibiting and restraining the defendant from doing any off Premises catering pending the outcome of this action. A full evidentiary hearing was held in which the plaintiff and defendant appeared with their attorneys and were heard.
Injunctive relief is denied because (1) there is an adequate legal remedy in damages; (2) the defendant has not shown a wrong is about to be done; (3) irreparable harm has not been shown; and (4) upon all the evidence it is not warranted.
The court will not interfere by means of injunctive relief "where the legal right is doubtful." Ginsberg v. Mascia,149 Conn. 502, 505, 182 A.2d 4 (1962). Courts of law are required to proceed with caution in light of the extraordinary nature of injunctive relief and to issue an injunction only when satisfied that a wrong is about to be done. See Jones v. Foote,165 Conn. 516, 521, 338 A.2d 467 (1973); Leo Foundation v. Cabelus,151 Conn. 655, 657, 201 A.2d 654 (1964); Anderson v. Latimer PointManagement Corporation, 208 Conn. 256, 262, 545 A.2d 525 (1988);Brainard v. Town of Hartford, 140 Conn. 631, 634, 103 A.2d 135
(1954). To secure a temporary injunction the applicant must show clearly that protectable interests are at stake. This was not established. Nor did the plaintiff establish, to a reasonable certainty, that it will prevail subsequent to a final hearing on its application for permanent injunction by showing both irreparable injury and the lack of an adequate remedy at law.Covenant Radio Corporation v. Ten Eighty Corporation, CT Page 44935 Conn. Sup. 1, 3, 390 A.2d 949 (1977); see Chappel Co. v. Frankel,367 F.2d 197, 202 (2nd Cir. 1966); Hopkins v. Hamden Board ofEducation, 29 Conn. Sup. 397, 417, 289 A.2d 914 (1971).
One of the defendant's contentions is that the plaintiff has violated the contract by not actively soliciting business for the defendant purchaser. The court can find no contractual provisions requiring such affirmative action.
There is evidence before the court concerning a party run by one Michael Healey which the plaintiff Rohrig catered for seventeen years on each July Fourth. It is not clear to this court from the evidence that the plaintiff catered it after selling of the business. He was a social friend of Healey and bought a car from Healey's auto dealership shortly before July 4, 1996. He attended the party but present proof does not convince the court that he was more than a guest or that any violation of the agreement occurred. There appears to be no other credible evidence indicating that Rohrig violated the terms of the agreement by competing with the defendant corporation. He was not permitted by his agreement to do off premises catering but the agreement did contemplate his permitted involvement with a Shelton cafeteria and excluded it from its coverage. The Shelton operation, which Rohrig did not own, was originally called Firehouse Deli and later Tower Deli. He was the general manager. The court finds that although Tower Deli and Firehouse Deli did catering work, this did not violate the Rohrig/Votum contract. Rohrig now runs the cafeteria at a secondary school called Laurelton Hall. He was approached there by a Votum private investigator and offered to do certain catering on the Laurelton premises but not off of it. None of this warrants the issuance of an injunction. The defendant has not been irreparably harmed. If in fact the defendant can show at trial something not shown at this preliminary hearing, namely, that a violation of the Rohrig agreement occurred by involvement with catering the Healey party, then Votum has an adequate remedy at law in damages for any loss suffered. No injunction shall issue where there is an adequate remedy at law.
For all of these reasons, the application for a temporary injunction is denied.
Flynn, J. CT Page 450