[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court basically requesting this court to quiet title and/or to grant a permanent injunction against the defendants from passing over a parcel of land shown as "proposed road, " which the plaintiff claims she owns.
It is first alleged that the plaintiff is the owner of parcels No. 16, and No. 17, and that the defendants have entered unlawfully upon her land. The second count sets forth defendants' claims which are adverse to her interest, and requests the court to determine the rights of the parties as to the disputed property.
The third count is an adverse possession claim, and the fourth count expands on the third count in that it includes a paved driveway and a lawn area which surrounds the driveway.
On June 7, 1993, the defendants filed a three count counterclaim wherein Arthur Fasig states he is the sole owner of Lot No. 33 and Spinning Wheel Lane, and that the plaintiff claims an interest in land adverse to his title. Terry Ann Fasig McLaughlin alleges that she is the owner of Lot No. 35 and that the plaintiff purports to own a portion of "Spinning Wheel Lane." She further alleges that when the plaintiff received title to Spinning Wheel Lane, no public road was available except for Spinning Wheel Lane and, unless she can use it, her land will be "landlocked" and she will be without access to a public highway. She claims an easement by way of necessity over Spinning Wheel Lane. Finally, count three is a claim by Cheryl Fasig, the owner of Lot No. 34, which claim mirrors that of Terri Ann Fasig McLaughlin.
The defendants claim the right to pass and repass over said portion by either fee ownership over the disputed area; an easement by necessity; and/or, a prescriptive easement.
Plaintiff also claims the right to ownership of Spinning Wheel Lane by adverse possession.
Mrs. Perkins testified that she purchased Lot No. 16 in 1955, built a house in 1960, and paved a driveway to "Spinning Wheel Lane" in 1970. James Perkins acquired Lot No. 17 by deed from Frances V. Austin and Florence H. Austin on August 13, 1974. James Perkins then conveyed Lot No. 17 to Grace Perkins on December 10, 1976. These deeds apparently conveyed to the Perkins CT Page 7790 the area over which the defendants claim ownership and/or a prescriptive easement or easement by necessity.
The second witness to testify was Walter Hiro, a Connecticut licensed land surveyor, who concluded, after a period of intensive questioning by Attorney Borofsky, that the proposed road was owned by the plaintiff by virtue of the description in the Lot No. 17 warranty deed. He further concluded that Lot No. 18 was not given any rights to Spinning Wheel Lane.
The third witness presented by the plaintiff was Attorney Gerald J. Daly, who testified as to the scrivener error and the impact on the chain of title. It was his professional opinion that the error did not serve to divest the plaintiff of its ownership of the "proposed road" nor did it adversely affect the chain of title since by searching the title of adjoining owners, the transcription error would become apparent. Attorney Daly further testified, on the issue of the restrictive covenants, that other lots in the subdivision were subject to the restrictions.
A review of all of the deeds presented to the court in the chain of title for Lot No. 17 clearly shows that the plaintiff received a fee interest in Lot No. 17 together with a fee interest in a portion of Spinning Wheel Lane. The meter and bounds description clearly show that the road was conveyed despite the scrivener's error. There was no expert testimony from the defendants to refute the testimony of Attorney Daly and Jay Patrick. The court concludes from the evidence presented that the plaintiff owned the disputed portion of Spinning Wheel Lane at the time the defendant purchased Lot Nos. 32, 33, 34 and 35.
Our Appellate Court in Kenny v. Dwyer, 16 Conn. App. 58, 64
(1988), defined what is necessary for an implied easement and easement by necessity; it said: "An implied easement is typically found when land in one ownership is divided into separately owned parts by a conveyance, and at the time of the conveyance a permanent servitude exists as to one part of the property in favor of another which servitude is reasonably necessary for the fair enjoyment of the latter property. . . . There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties; and (2) whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." The court goes on to say that implied easement is less favored in CT Page 7791 Connecticut than in other jurisdictions. Supra, 65.
In order for the defendants to prevail in their claim for an easement by necessity or by implication, it must be shown that at the time of the conveyance to the defendants, the grantor had title to the subservient estate. This principal is well established in a series of Superior Court and Appellate Court cases. See Stankewicz v. Miami Beach Assn., Inc., 191 Conn. 165
(1983); Curtin v. Franchetti, 156 Conn. 387 (1968); and Everettv. Pabilonia, 11 Conn. App. 171 (1987).
In the instant case, the grantor of the dominant estate had no interest in the claimed subservient estate. The defendants must therefore fail.
The court now addresses the plaintiff's claim of adverse possession. This was a rather tepid claim and the evidence produced at trial failed to convince this court that the plaintiff carried her burden of proof. The defendants claim that the plaintiff had the right to use the property in question and, therefore, the plaintiff's usage could not be adverse to the defendants' claim is well taken.
The court does not find for the plaintiff on her claim for adverse possession over that portion of Spinning Wheel Lane shown on the northerly lines of Lot Nos. 15 and 18.
Mihlakos, J.