[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR TEMPORARY INJUNCTION
Injunctive relief is proper, indeed, it is the preferred remedy when the problem surrounding an easement calls for removing an obstruction or restraining a defendant form activity which affects the easement. Everettv. Pabilonia, 11 Conn. App. 171 (1987).
In this matter, the defendants own lot two, and will shortly own lot three. When they own both lots, the easement appurtenant to lot three, across lot two, will be extinguished. Owners cannot owe a duty to themselves or assert rights against themselves. Restatement of Property, Sec. 497. Thus lots two and three will be limited to the newer easement contained in Schedule C to the warranty deed.
The question then becomes can the other easement granted to lot two be applied to after acquired property, lot three. The CT Page 7908 general rule in Connecticut is no. Leichteig v. Churinetz,9 Conn. App. 406 (1986). The case of Carbone v. Vigliotti,222 Conn. 212, [222 Conn. 216], (1992) does not assist here. There, the court found there was only the mere addition of land, which does not overburdening or misuse. It differentiated itself fromLeichteig. which found that an it increased use of vehicles constituted an overburdening. Here the easement was granted for the benefit of lot two only, and should not be expanded to include the use occasioned by the annexation of lot three.
The court believes that there is probable cause to believe that there will be success merits and that the standard of irreparable harm has been met.
The motion for temporary in junction is granted.
ELANIE GORDON, JUDGE