[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION
The plaintiffs commenced the instant action on July 28, 2000, alleging violation of General Statutes § 35-11a, infringement of common law trademark and trade name, and violations of CUTPA. The plaintiffs also filed an application for temporary injunction and order to show cause.
The plaintiff, The Morganti Group (hereinafter "Morganti"), is CT Page 11352 currently the owner of the trade name "The E F Construction Company" and is entitled to its use. It obtained ownership of and the right to use said trade name from Sylvan Group LLC, a company entirely owned and controlled by the defendant, Fred Frasinelli, as a result of an agreement between Frasinelli and Morganti for Frasinelli's employment.[1]
Morganti sought and purchased the trade name because of the reputation of the company and its experience in one of the fields of construction with which Morganti was involved.
The E F Construction Company is currently an active Connecticut corporation owned by Morganti. The trade name was and is valuable and useful to the plaintiff in its efforts to obtain new business.
In February, 1995, the plaintiffs changed "The E F Construction Company" to "Morganti E F Construction Company" and incorporated an entity known as Morganti E F, Inc.
Morganti used the trade name, "The E F Construction Company" in its sales brochures and did some construction projects under the name. In March, 1995, an interoffice memorandum was circulated within the plaintiff's organization, indicating inter alia, various changes made to corporate names and states in which the corporation would operate, indicating that "The E F Construction Company" name was to remain as is, but was "[t]o be used only for old work and Ct work that can't go under Morganti name." Another memorandum, dated December 11, 1996, from Don Esbjornson, the president of Morganti, was circulated to corporate personnel, which indicated the following:
 There will be no new projects awarded, either with existing owners or new owners, under the E F Construction name. E F bank accounts will be carried on only to finish existing jobs and then closed out.
 Effective immediately, all future work secured for shall be contracted under the Morganti Group name.
There is an issue of whether the instructions in the December 11, 1996 memorandum were modified, negated and/or rescinded, but the court finds that Morganti, to some extent, has continued to use the name.
After leaving Morganti in September, 1998, Frasinelli formed a new company, in cooperation with Thomas J. Walsh III, defendant, and C. R. Klewin International, Incorporated (Klewin). They selected the name "E 
F/Walsh Building Co., L.L.C." (E F/Walsh), and September 1, 1998 was the first date the defendants used the name. Klewin is the sole member of CT Page 11353 the limited liability company, Frasinelli is its chairman, and Walsh is its president. They intentionally used the word "Building Co." instead of "Construction" in order to differentiate the new company from Morganti and "The E F Construction Company." The business of E F/Walsh is similar to the business of the E F Construction Company, except that E F/Walsh does work in New York. However, E F and E F/Walsh have been in direct competition, and bid on some of the same projects.
In late 1998 or early 1999, the plaintiff became aware that the defendants were using the name E F/Walsh. On February 25, 1999, counsel for the plaintiffs sent a letter to the defendants requesting that they cease and desist the use of the E F/Walsh name. Correspondence between the parties continued for approximately thirteen months.
Though at one point, in 1995 and 1996, Morganti officials may have indicated an intent to diminish its emphasis on and/or use of the E F Construction Company trade name, there is no indication of any decision to abandon the name. In fact, the trade name continued in use thereafter for various projects and was not discontinued.
E F/Walsh ultimately hired five or six former The E F Construction Company's employees. E F/Walsh's business is generally that of construction management, not a general contractor, as is the E F Construction Company. In Connecticut, both companies operate in the same general area.
Thomas J. Walsh, III has been employed by E F/Walsh since September, 1998, and is its president. Mr. Walsh had previously been employed by Walsh Construction Company and its president for a time. He felt that the use of the Walsh name in combination with E F name would be helpful in obtaining business for E F/Walsh, and he felt that the E F name had a value.
 DISCUSSION
The present action and application present numerous issues related to trade name protection, including the extent to which, if any, the plaintiff is entitled to protection of the trade name "The E F Construction Company," and whether any such protection would extend to different names of entities in the construction business which include "E F." The plaintiff seeks an injunction against any use of "E F" by any business entity in the construction business in the relevant geographical area.
"The principal purpose of a temporary injunction is to preserve the status quo until the rights of the parties can be finally determined CT Page 11354 after a hearing on the merits." Rustici v. Malloy, 60 Conn. App. 47, 56,758 A.2d 424, cert. denied, 254 Conn. 952, 762 A.2d 903 (2000); see alsoOlcott v. Pendleton, 128 Conn. 292, 295, 22 A.2d 633 (1941). "`The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court.'" Silitschanu v.Groesbeck, 208 Conn. 312, 318, 543 A.2d 737 (1988). "`An injunction is a harsh remedy and our courts have consistently held that its issuance is only proper in order to prevent irreparable injury.'" Buckner v.Shorehaven Golf Club, Inc., 13 Conn. App. 503, 504, 537 A.2d 532 (1988). "`It is clear that the power of equity to grant injunctive relief may be exercised only under demanding circumstances'" Anderson v. Latimer PointManagement Corporation, 208 Conn. 256, 262, 545 A.2d 525 (1988).
To obtain a temporary injunction, the moving party must show: (1) likelihood of success on the merits; (2) an imminent, substantial and irreparable injury; (3)a lack of an adequate remedy at law; and (4) that a balancing of the equities favors the granting of the injunction. SeeGriffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451,457-58, 493 A.2d 229 (1985).
It is true that once a trade name has established a special significance, it will be protected by the courts. Shop-Rite DurableSupermarkets, Inc. v. Mott's Shop Rite, 173 Conn. 261, 266, 377 A.2d 312
(1977).
 The question to be determined is whether or not, as a matter of fact, the name is such as to cause confusion in the public mind as between the plaintiff's business and that of the defendant, resulting in injury to the plaintiff. The test is whether the public is likely to be deceived. 38 Cyc. p. 779; Nims on Unfair Competition Trade-Marks (3d Ed., 1929) p. 249. "Whether the court will interfere in a particular case must depend upon circumstances; the identity or similarity of the names; the identity of the business of the respective corporations; . . . the extent of the confusion which may be created or apprehended, and other circumstances which might justly influence the judgment of the judge in granting or withholding the remedy.' Chas. S. Higgins Co. v. Higgins Soap Co., 144 N.Y. 462, 469, 39 N.E. 490, 27 L.R.A. 42. See also Hygeia Distilled Water Co. v. Hygeia Ice Co., 72 Conn. 646, 45 A. 957. If the court finds that the effect of appropriation by one corporation of a distinctive portion of the name of another is to cause confusion and uncertainty in the latter's business, CT Page 11355 injure them pecuniarily and otherwise, and deceive and mislead the public, relief will be afforded. Daughters of Isabella, No. 1 v. National Order, Daughters of Isabella, 83 Conn. 679, 684, 78 A. 333, and cases cited; Holmes, Booth Haydens v. Holmes, Booth Atwood Mfg. Co., 37 Conn. 278. It is not sufficient that some person may possibly be misled but the similarity must be such that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would be likely to mistake one for the other. International Trust Co. v. International Loan Trust Co., 153 Mass. 271, 278, 26 N.E. 693, 10 L.R.A. 758." (Emphasis supplied) Middletown Trust Co. v. Middletown National Bank, 110 Conn. 13, 20, 147 A. 22
(1929).
Generally, a temporary injunction will not be issued unless "the evidence is clear and where no substantial doubt exists as to the plaintiff's rights to the injunction." Lekto-Shave Corp. v. General ShaverCorp., 19 F. Sup. 843 (D.Conn. 1937).
In the instant case, the court finds that the defendants are using "E 
F" in the name of their business which started after the defendant Frassinelli left the employ of the plaintiff, that they believed that incorporating "E F" into their name would be advantageous to their new business, that in the construction industry its use had value, and that they intentionally used the phrase "Building Company" rather than "Construction Company" in an effort to differentiate the new company from "The E F Construction Company."
The question presented is the effect, or lack thereof, of the use of the "E F/Walsh Building Co., L.L.C." on the market of users of the construction and/or construction management services of the two firms in the localities in which they both operate. The court finds that Plaintiff has failed to demonstrate the necessary element of confusion, i.e., failed to show that persons and companies in the industry served by both parties would likely be confused. These are not lay, unsophisticated consumers of a product, but rather companies, corporations, municipalities, etc., that deal in multimillion dollar contracts for construction of large buildings. Decisions as to which contractor and/or construction manager to choose are made after production of extensive written background information and personal interviews. This process ensures that the purchaser of services is fully informed of the identity and qualifications of a bidder. The plaintiffs have not shown that they are likely to succeed on the merits by reason of their failure to CT Page 11356 demonstrate the requisite confusion.
In addition, for the relief sought the plaintiffs were also required to demonstrate an imminent, substantial and irreparable injury; a lack of an adequate remedy at law; and that a balancing of the equities favors the granting of the injunction. See Griffin Hospital v. Commission onHospitals and Health Care, supra, 196 Conn. 457-58. The evidence produced indicates quite the contrary. First, the plaintiffs failed to prove the existence of any certain pending projects that both parties will pursue or for which construction managers are being sought. Second, though the plaintiffs learned of the defendants' use of the "E F/Walsh Building Company" name in late 1998, and sent their first demand that defendants cease to do so on February 25, 1999, this action was not commenced until August, 2000, more than one and a half years later. Moreover, the hearing on their temporary injunction request was not pursued with any sense of urgency, and, in fact, did not commence until June 18, 2001, and was not completed until August 15, 2001. No irreparable harm was shown to have occurred during the two and a half years since the first discovery of name usage. The failure by the plaintiffs to pursue their claims with significantly more urgency, evidences a lack of immediacy and imminent irreparable harm. See Majorica, S.A. v. R. H. Macy Co., 762 F.2d 7, 8
(2nd Cir. 1985); Citibank, N.A. v. Citytrust, 756 F.2d 273, 277 (2nd
Cir. 1985).
Based on the evidence presented and the foregoing analysis, the court finds that the applicant is not likely to suffer irreparable harm before a decision on the merits can be rendered and that the requisite element of confusion has not been shown. Therefore, the application for temporary injunction is denied.
Hiller, J.